Day, J.
 

 The sole question involved in this case is whether the action is barred by the provisions of the policy, or certificate of membership. So
 
 *588
 
 much, of the policy as is pertinent to the inquiry is found under division 6, called “Agreements,” reciting:
 

 “It is agreed between the member and the association as follows:
 

 “6. Proofs of claim shall be furnished to the association within ninety days from the date of death, dismemberment or loss of sight, or from the termination of other disability. * * *
 

 “10. No action shall be maintained on this certificate after the expiration of two years from the date when the final proof of claim is filed with the association, unless otherwise provided by law.”
 

 It is conceded that the insured died on the 20th day of January, 1918; that on the 22d day of January, 1918, plaintiff notified the defendant association, in writing, at its home office, of the death of the insured; that the defendant association upon receipt of the notice investigated the facts and within 30 days of such death stated to plaintiff that death did not result from causes covered by the certificate, and denied any liability under such certificate. It is further conceded that no final proof of claim was made by plaintiff under the policy until November 16, 1920, far beyond the period of 90 days called for by Section 6, and beyond the period of 2 years within which suit must be brought under the provisions of Section 10 of the “Agreements” in the policy or certificate.
 

 It is, however, claimed by the plaintiff in error that since no final proof of claim was filed Section 10 does not operate at all; that the statutory period of limitations applies, as upon any written instru
 
 *589
 
 ment; that this policy being drawn by the association should be construed most strongly against the association and in favor of the beneficiary.
 

 It is a recognized principle of the law of insurance that limitations in policies, if not unreasonable, defining the time within which actions may be begun, are valid and binding, no fraud having been perpetrated upon the beneficiary.
 

 This court in
 
 Appel, Admr.,
 
 v.
 
 Cooper Insurance Co.,
 
 76 Ohio St., 52, 80 N. E., 955, 10 L. R. A. (N. S.), 674, 10 Ann. Cas., 821, made this holding:
 

 “The parties to a contract of insurance may, by a provision inserted in the policy, lawfully limit the time within which suit may be brought thereon, provided the period of limitation fixed be not unreasonable.”
 

 This proposition is generally recognized by all authorities. 4 Cooley’s Briefs on Insurance, 3964. The following, from 5 Joyce on Insurance (2d Ed.), Section 3181, is also pertinent:
 

 “The parties may by express stipulation limit the time within which the action may be brought, and such provision is a valid and binding one, though the. period may be shorter than that provided for in the statute of limitations. Where the policy contains a stipulation of this nature, the action, must be brought within the time limited, and if not so brought, the provision is a complete bar to the action in the absence of any waiver of the clause.”
 

 Was there a waiver under the circumstances of this ease and under the terms of this policy?
 

 It is claimed by the plaintiff that, inasmuch as the defendant waived the filing of proofs claimed,
 
 *590
 
 it waived every other condition and stipulation in the policy. But a waiver of one condition in the policy is no waiver of other conditions, and the association within the 90-day period having told the beneficiary, in writing, that it denied any liability whatsoever under the certificate or policy, the filing of proof of claim would have been a needless formality.
 

 This principle' is recognized in 5 Joyce on Insurance ('2d Ed.), Section 3211:
 

 “If the insurer denies liability under the policy and refuses to pay the amount of loss claimed, the provision that no suit can be brought, upon the policy until a certain time after loss or after proofs are furnished is thereby waived, and the right of action upon the policy accrues immediately upon such refusal.”
 

 The same authority, in Section 3212, also lays down this principle:
 

 “The denial by the insurer of all liability under the policy, though it is a waiver of proofs of loss, does not waive bringing a suit within the time specified after the loss.”
 

 To the same effect is 4 Cooley’s Briefs on Insurance, 3973: “But if the company has waived proofs of loss, the cause of action at once accrues,” and suit must be instituted within the period provided in the policy after the waiver.
 

 The cases cited in the notes to the above-mentioned sections support the doctrine therein announced.
 

 “Where the insurer denies liability on grounds other than a failure to furnish notice of proofs within the proper time * * * there is a waiver
 
 *591
 
 of such failure or defects.” 1 Corpus Juris, 480. See, also, page 484, Section 220.
 

 "We think that the right of action of the beneficiary accrued upon the company denying liability, and that no further proof of loss was necessary in the premises, and even adopting the rule that insurance policies are construed strictly against the insurer and most favorably to the insured, or beneficiary, we can reach no other conclusion under the plain provisions of this policy than that the limitation of two years provided in Section 10 is a complete bar to the plaintiff’s right to recover, and that no cause of action could be maintained on this policy or certificate after the 20th day of April, 1920.
 

 Entertaining these views, it follows that the Court of Appeals was right in affirming the judgment of the court of common pleas. The judgments are therefore affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Jones, Matthias and Allen, JJ., concur.