## SPRINGFIELD TOWNSHIP MUTUAL FIRE INS ASS'N v FOSTER et

Ohio Appeals, 7th Dist, Columbiana Co

Decided April 8, 1931

J. E. Bauknecht, East Palestine, and Oscar E. Diser, Youngstown, for plaintiff in error.

L. M. Kyes, East Palestine, and Messrs. Billingsley & Moore, Lisbon, for defendants in error.

432

POLLOCK, J.

The plaintiff in error is that which its name implies, an association organized a number of years ago by farmers, and probably some others of Springfield township, Mahoning county, for the purpose of mutual protection and assistance in case of loss by fire. At the time of its organization, it had formulated and adopted a constitution which, it is therein provided, forms a part of the contract of insurance. It may be said that this association is somewhat peculiar in organization, and is, so to speak, sort of in a class by itself, organization being effected under §9593, 9594, 9595, 9596, 9597, 9598 and 9599 GC. §9598 provides as follows: "Every such association shall adopt such constitution and by-laws not inconsistent with the constitution and laws of this state or the United States, as in the judgment of its members best will subserve its interests and purposes. All persons who sign such constitution shall be considered and held to be members of the association, and be held in law to comply with all of its provisions and requirements."

Therefore the persons listing property for insurance and receiving policies covering the same are bound by the constitution of the association and are considered to have signed the same when they solicit and accept insurance in the company.

Sec 21 of the constitution provides as follows:

"Sec 21. This Association will not insure property that is insured in any other company and insuring in any other company makes insurance in this void * * *."

One of the vital issues in the instant case is that it is claimed by the association that it had no notice of the additional insurance by the Aetna Insurance Company, and that the effect of this lack of knowledge was to render its policy void; and it will be observed that it is not rendered voidable by such additional insurance, but **void.**

Wallace, the soliciting agent, and a director of the company, in a deposition taken shortly before his death, states that he had no notice whatever of this additional insurance. Likewise the other directors so testified, as did Rummell, the clerk. There is testimony, however, to the effect that Wallace, the solicitor, was advised by telephone that additional insurance had been taken in the Aetna Insurance Company. However, as before stated, this is denied. Nor was the mortgage clause attached by Wallace at the request of the Federal Land Bank effective as a waiver, for he had no authority to waive a constitutional provision; that could only be done by action of the association, **Stark County Mutual Insurance Co v Hurd,** 19 Ohio, 149, at page 177, and Foster was chargeable with notice of this fact because he was a member of the association and was fully subject to every constitutional provision.

Some question is made as to the ownership of the property, and it is urged that Section 24 of the Constitution provides, among other things, that if the interest of the insured in the property be not truthfully stated the policy shall be void. However, this issue is not so fully sustained as to excuse the company from liability under all the circumstances.

It is further suggested that Section 25 provides that in case of an increase of risk the policy of the association shall be void, and it is urged in this behalf that when a second mortgage was given covering the property in question, and additional insurance in a substantial sum was obtained, this was such "increase of risk" as would invalidate the policy of the association.

Practically every insurance company, mutual or otherwise, provides against an increase of risk during the continuance of its policy, and it is fairly well understood that increased incumbrance, with increased insurance to secure the payment of the same, is not looked upon with favor, and that it is usually recognized as an increase of risk.

Some question is made also with reference to the nonpayment of an assessment upon one of the Foster policies, but this issue is hardly determinative of the contro-

versy here. However, the real important and vital question is with reference to the solicitation of additional insurance without notice to the association, and it is a fact worthy of notice in this connection that by virtue of the above statute Foster became a part of this insurance organization, which, unlike many others, is somewhat similar, yet different in character because it provides that those signing the constitution become members of the association, which as a body transacts certain business of the same. Therefore, Foster was chargeable with full notice of all of the provisions of his insurance policies, and if he now be permitted, after having violated one of the very important sections of the constitution, to take advantage of such violation, and profit by the same, it would be permitting him to profit by his own wrong. It hardly seems probable that Wallace, who stated in his deposition that he never had any notice whatever of the additional insurance, and likewise the directors and officers who testified to the same effect, could have been entirely mistaken and forgetful about such matter. Therefore the conclusion must be that the association did not have notice of the additional insurance about which complaint is made in this instance, and the doctrine of waiver and estoppel, coupled with notice, does not apply. Foster does not claim that he gave any notice, but what does it matter? Foster cannot profit by the violation of the constitution which bound him, and of which he was surely chargeable with notice. There certainly was no notice of the mortgages on the personal property.

A case of interest in this connection is Kehm v. German Mutual Ins. Co., 11 O. D. (N. P.), 739, 8 N. P. 542. This case is indeed worthy of notice in this connection, and at page 746 states the fundamental principles controlling in such cases in the following observation of Pfleger, J.: "The general rule seems to be that a member of mutual company, because he is alike insurer and insured, is bound by the by-laws, rules and regulations of the company."

Probably no case more clearly discusses the principles obtaining in such cases than does Crandall v. Farmers Mutual Union Fire & Lightning Ins. Assn., 10 O. D. (N. P.), 711, at page 715 (8 N. P., 632), where it is said by Canfield, J.: "And the difference, so far as it applies in this particular respect, between what is called an old line or stock company and a mutual insurance company, where each and all of the members are themselves a part of the corporation, is simply this: In an old line company, as it is termed, where the party insured is in no way connected with, but is a stranger to the assurer, or the insurance company in which

he is insured, then he is not presumed in law to know anything as to what the rules and regulations of the company that insures him are, except in so far as they are brought to his notice by the application or by the terms of the policy of the insurance issued to him, while with a mutual insurance company, organized under the provisions of this statute, a person who becomes a member by signing the constitution and the by-laws of the company, is bound to know, being one of the company, what the rules and regulations of the company are; he is bound to know this at his own peril, for he is one of them as much as anyone else is, and the officers, in all that they do, in all their rules and in all of their regulations, are acting as much under his authority as they are under the authority of anyone else. If he himself has the power, as one of the members, to designate who shall be the officers, he is a part of the institution himself, and being such, is bound to know at his own peril what the rules and regulations of the company are."

The foregoing observations are very pertinent in the instant case. Through this investigation and the consideration of the issues here involved one is constantly confronted with the provisions of Section 21 of the constitution of the association: "This Association will not insure property that is insured in any other company and insuring in any other company makes insurance in this void * * *."

The association in this paragraph sought to safeguard itself against increase of risk by way of additional insurance and consequent increase of hazard necessarily incident to the same, and if it were to be held that the association is bound under such circumstances it would largely limit the provisions of its organization and destroy its contemplated usefulness amongst the farmers and others of Mahoning county and the surrounding communities. Foster violated the constitution when he took additional insurance, and the fact that Wallace, the solicitor, attached a loss-payable clause which permitted additional insurance does not help him, for Wallace had no authority so to do; if effective so to do then any member of the association could waive a constitutional safeguard of the association.

A case relating to additional insurance is **Phoenix Ins Co v M S & N I Rd Co, 28 Oh St, 69**, in which, in the second paragraph of the syllabus, it is held: "2. Such other insurance, made without the consent of the company, the consent of which is required by the contract, renders the policy issued by such company void."

See, also, Northern Assurance Co. v. Grand View Building Assn., 183 U. S., 308,

434

22 S. Ct., 133, 46 L. Ed., 213.

Numerous other cases and authorities to the same effect might be cited. Some cases seem to announce a different rule, but in them the facts are found to be different. Especially do they vary when relating to a different kind of organization.

Shortly after this cause was submitted to this court the case of **Shields v Supreme Council of the Royal Arcanum, 123 Oh St, 31, 173 N E, 731,** was decided by the Supreme Court of Ohio, and attention is now called to it to sustain the right of Foster to recover.

Paragraph 3 of the syllabus in that case provides:

"Where the insurer's conduct has been such as to affirmatively induce the belief that the forfeiture is waived, a waiver exists. A fraternal benefit society cannot exempt itself in advance in its by-laws from the effect of such waiver."

However, the issues determined in the above cases are not determinative of the issues involved here because a different situation obtains in the **Shields** case, it relating to life insurance rather than to fire insurance. And the organization of the two companies is wholly different; likewise the setting of facts upon which each case is to be determined. The principles of law and equity relating to each are widely divergent.

In the **Shields** case, the question determined was that a policy was not invalidated by the failure to pay an assessment, where notice was given of the same and there was no declaration that the policy would be void, but rather an invitation extended to apply for a reinstatement of the assured. The **Shields** case has to do with forfeiture for nonpayment of an assessment, the present case with increase of hazard and the violation of the constitution.

In the Shields case it was provided that the policy would be voidable for the nonpayment of an assessment, while in the instant case there is no such provision. It simply declares that in the case of additional insurance, without notice and consent, the policy of the association will be void. The manner of control of the two organizations is wholly different.

Other reasons might be assigned, and yet by reason of the length of this discussion it is not considered wise or necessary to extend the same to greater degree.

Some other errors are assigned, but in view of the conclusion reached it is sufficient to say that no other reversible error is disclosed by the record.

Therefore, for the reasons given, it follows that the judgment should be, and is, reversed because additional insurance was taken in another company without the knowledge or consent of the association, and final judgment is entered for plaintiff in error.

FARR, J, concurs.
ROBERTS, J, dissents.