ALLEN v. GLEANER LIFE INSURANCE SOCIETY.

1. INSURANCE—ACCIDENTAL DEATH—DOUBLE INDEMNITY—EVIDENCE.
   Finding of trial court that insured's death resulted from accidental bodily injury where it came as a result of severe illness two or three weeks after injury *held*, sustained by evidence in action under double indemnity agreement attached to life insurance policies.

2. SAME—PROOF OF CLAIM—WAIVER.
   Mutual life insurance society's policy requirement that proofs of claim be filed in certain manner *held*, waived where beneficiary applied for, and was granted, hearing before insurer's council.

3. SAME—BY-LAWS OF MUTUAL SOCIETIES—REASONABLENESS.
   The validity of by-laws and regulations relating to the management of the property, affairs and business of mutual insurance societies depends upon their being reasonable.

4. SAME—REASONABLENESS—QUESTION OF FACT.
   Reasonableness of by-laws and regulations relating to the management of the property, affairs and business of mutual insurance societies depends upon the particular circumstances and matters *in pais* and is, therefore, a question for the trier of the facts.

5. SAME—MUTUAL SOCIETIES—AFTER-ENACTED BY-LAWS.
  Parties to a mutual insurance society, expressly agreeing to be
  bound by after-enacted by-laws, are bound thereby.        .

6. SAME—MUTUAL SOCIETIES—BY-LAWS—REASONABLENESS.
  All by-laws of mutual insurance societies must be reasonable, and
  if not so, are void.

7. SAME—REMEDY WITHIN ORGANIZATION—BY-LAWS—UNREASONABLE
  DELAY.
  By-law of mutual insurance society, amended after insured be-
  came a member, which so operated in instant case as to delay
  final hearing on final appeal within the society for a period of
  three years and which, in effect, amounted to a denial of bene-
  ficiary's right to be heard *held*, void as unreasonable.

Appeal from Ottawa; Miles (Fred T.), J.   Sub-
mitted October 9, 1935.   (Docket No. 43, Calendar
No. 38,554.)   Decided January 6, 1936.

Assumpsit by Mary Allen against the Gleaner Life
Insurance Society for sums due on a double indem-
nity agreement in a life insurance policy.   Judgment
for plaintiff.   Defendant appeals.   Affirmed.

*Travis, Merrick, Johnson & McCobb* (*L. K. Var-
num* and *Hardy Pagels*, of counsel), for plaintiff.

*H. P. Orr*, for defendant.

POTTER, J.   George Allen was accidentally shot
October 18, 1932, while hunting.   He had two policies
in defendant company, attached to which policies was
a double indemnity agreement issued by defendant
in consideration of the payment of an additional pre-
mium.   This double indemnity agreement provided
defendant would pay double the face value of each
of the policies providing death of the insured should
result from accidental bodily injury.

Between two and three weeks after plaintiff was
shot, he was taken severely sick and died December 3,
1932.   Defendant paid the single indemnity on the

policies, and plaintiff then filed a claim for double indemnity, claiming Allen's death was the result of accidental bodily injury. There was judgment for plaintiff, and defendant appeals.

· There was evidence to sustain the finding of the trial court that Allen's death resulted from accidental bodily injury. Though it is probably true proper proofs of claim were not furnished in accordance with the policies in the first instance, yet there was an application by plaintiff and leave granted by defendant to plaintiff for a hearing before defendant's council, and a hearing was had, and, therefore, the failure of the plaintiff to furnish proper proofs of loss was waived by defendant.

Defendant's supreme council, as a result of the hearing had before it on appeal, denied plaintiff's claim to double indemnity. The policies provided an appeal could be taken, within 60 days, to the supreme arbor. Plaintiff made such appeal October 23, 1934, but brought suit December 27, 1934, claiming the by-law of defendant which had been so amended that its supreme arbor did not meet until December, 1937, was unreasonable and void.

Defendant claims such suit may not be maintained against it by plaintiff until she has exhausted her remedies within the organization of which her husband was a member. Plaintiff claims that inasmuch as the supreme arbor, to which an appeal would lie from the defendant's council, does not meet again until 1937, such delay amounts to a denial of plaintiff's right to be heard, and the by-law so providing is unreasonable, vexatious and void.

It seems to be well settled that the validity of by-laws and regulations relating to the management of the property, affairs and business of the defendant insurance society depends upon their being reasonable, and their reasonableness depends upon the par-

ticular circumstances and matters *in pais* and is, therefore, a question for the jury. *Highland Park Association* v. *Boseker,* 169 Mich. 4.

Parties to a mutual organization, expressly agreeing to be bound by after-enacted by-laws, are bound thereby. *Borgards* v. *Farmers Mutual Ins. Co.,* 79 Mich. 440; *Wineland* v. *Knights of Maccabees of the World,* 148 Mich. 608; *Brown* v. *Great Camp Knights of the Modern Maccabees,* 167 Mich. 123; *Highland Park Association* v. *Boseker, supra.*

All by-laws must be reasonable, and if not so, they are void. *Allnutt* v. *Subsidiary High Court U. S. A. O. F.,* 62 Mich. 110.

In *Samberg* v. *Knights of the Modern Maccabees,* 158 Mich. 568 (133 Am. St. Rep. 396), a by-law provided that the absence or disappearance of a member of the order from his last known place of residence for any length of time should not be presumptive evidence of the death of the member and no right should accrue under the certificate of membership to the beneficiary, nor any benefits be paid, until such proof had been made of the death of the member aside from any presumption that might arise by reason of his absence. The statute then in force, 1 Comp. Laws 1897, § 1225, provided:

"If any person shall disappear and his whereabouts remain unknown, for the space of seven years, and no knowledge of such person can be procured for such space of seven years, he shall be presumed to be dead."

The question arose as to whether this by-law setting aside the statutory provision was valid or not. The court said:

"It cannot be said that the insured in subscribing to his application contemplated the adoption of a by-law that would have the effect to render the provisions of a wholesome statute nugatory, and to have

the further effect of making it practically impossible to make proofs of death in cases within the occasional experience of men,''

and held the by-law as applied to the facts in that case was unreasonable and void.

After plaintiff's decedent was insured in defendant company, its by-laws were amended.

The trial court rested decision upon the ground that a delay of hearing for three years was unreasonable and in effect amounted to a denial of the right of plaintiff to be heard. We think the trial court was correct.

Judgment affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.