BARANOWICZ, APPELLANT, *v.* METROPOLITAN LIFE INS. CO., APPELLEE.

(Decided June 17, 1940.)

*Messrs. Kaplan & Zanville,* for appellant.
*Messrs. Holbrook & Banker* and *Mr. E. Donald DeMuth,* for appellee.

CARPENTER, J. This was an action on an industrial policy of life insurance. The trial court, at the close of plaintiff's evidence, directed a verdict for defendant, and, after overruling a motion for new trial, entered judgment accordingly. This appeal was taken and two errors are assigned. One, the refusal of the court to permit plaintiff to introduce evidence in support of the claimed issue of estoppel pleaded in the reply; and, two, the direction of the verdict.

The petition alleged the issuance, on January 4, 1937, of the policy of insurance on the life of Julian Baranowicz, the son of plaintiff, under which plaintiff was the beneficiary; his death, September 3, 1937, and due proof of it; and that both insured and plaintiff had performed all conditions of the policy to be performed by them, and the refusal of the defendant to pay the policy.

The answer admits the issuance of the policy, the death, proof of claim and the refusal to pay.

As a separate defense it is alleged that the policy provided that if, within two years of its issue, insured was attended by a physician, unless it was shown by

plaintiff that no such medical treatment was for a serious disease, the policy should be voidable by defendant unless reference to such treatment was endorsed on the policy; that insured was attended by physicians in August, November and December 1936, and no reference thereto was endorsed on the policy, and that the defendant had voided the policy and tendered return of premiums paid.

The reply admitted that the insured was attended by a physician in November and December 1936, but denied that such attendance was for a serious disease. By way of estoppel, it is alleged that before the policy was issued, insured was examined by a physician for defendant and no inquiry was made as to previous attendance by a physician; that insured had no knowledge of the materiality of such attendance or of that provision of the policy, and that following such examination the policy was issued and premiums provided for, were received by defendant, and that defendant, "by its conduct as hereinbefore set forth, led said Julian Baranowicz to believe that the policy which the defendant had issued to him was valid, binding and enforcible against the defendant, and that defendant is now estopped from denying the validity and soundness of said policy, and from asserting the provisions of said policy referred to in the answer."

No question is raised as to the propriety of presenting the issue of estoppel in the reply, and it has had no consideration by this court.

At the trial the policy was introduced in evidence by plaintiff and the only issues turned upon the following provisions of it:

"*When policy is voidable.* If (1) within two years prior to the date of issue of the policy the insured has been a patient at * * * any institution for the treatment of physical * * * disease, or has been attended by a physician, unless it shall be shown by the insured or any claimant that no such institutional, surgical, or

medical treatment or attention was for a serious disease: * * * this policy shall * * * be voidable by the company, unless reference to such institutional, surgical, or medical treatment or attention * * * is endorsed on this policy by the company. If this policy does not take effect, or is voided by the company, the company will return the premiums paid."

Just preceding this provision in the policy, appears this:

"*Option to surrender in two weeks.* If this policy is not satisfactory, it may be surrendered for cancellation within two weeks from its date of issue, at the district office through which it was delivered, and the premium paid will be returned."

The first question to be answered is whether the court erred in refusing to admit offered evidence tending to prove that the defendant's doctor examined the insured before the policy was issued, and, because he did not inquire as to previous medical attendance upon insured, it was estopped from asserting the "When policy is voidable" provision as a defense. It is not claimed that that provision is illegal or is against public policy. In most respects it is similar to the "sound health" provisions that are included in some industrial insurance contracts. Such contracts are usually for small amounts and are not made with the same formalities and investigation that attend the application for and issuance of other life insurance policies.

The reply does not plead nor does the evidence, either received or tendered, tend to show any duty on the defendant to make any inquiry about the health of the applicant. Whatever was done in this respect was entirely voluntary on the part of the defendant, and the fact that some examination was made did not impose any disadvantage on the insured, or mislead him.

When he got his policy, there being no claim of fraud or mistake, it is conclusively presumed that he knew its terms, accepted and was bound by them. *Union*

*Central Life Ins. Co.* v. *Hook,* 62 Ohio St., 256, 263, 56 N. E., 906; *Union Central Life Ins. Co.* v. *Buxer,* 62 Ohio St., 385, 57 N. E., 66, 49 L. R. A., 737, paragraph three of the syllabus.

If a party to a written contract can so easily escape from terms in it that later turn out to be unfavorable to him, such contracts can be of little service in fixing the rights and duties of parties to them.

One element necessary to create an estoppel is that the person claiming it against another must have lost something or been placed to some disadvantage by the conduct of the other. *Russell, Admr.,* v. *Fourth National Bank,* 102 Ohio St., 248, 269, 131 N. E., 726; *Scholl* v. *Scholl,* 123 Ohio St., 1, 6, 173 N. E., 305.

That a doctor for defendant made some examination of insured was no disadvantage to him or his beneficiary. When he got his policy, and knowing it contained these provisions, and also knowing of the medical attendance he had so recently received, he could have disclosed that information to the defendant and obtained its endorsement on the policy, or he could have returned the policy within two weeks and demanded return of premiums paid. He did neither.

The trial court did not err in rejecting the evidence on the issue of estoppel.

A physician testified that in November, 1936, he treated insured for some nasal trouble which developed into a growth which he then regarded as a benign polyp. He then referred the insured to a nasal surgeon who took him to a hospital, and, in the presence of the witness, removed the growth. The following June the doctor again attended the insured, who had developed a serious malignant tumor in the area from which the growth had been removed, and he died September 3, 1937.

The testimony of this doctor is quite equivocal as to whether the growth he treated and which he later saw removed was benign and not a serious disease, or was

malignant and serious. But assuming it was benign, there is another infirmity in plaintiff's evidence on this question that precludes her recovery. The doctor who testified, said that any treatment given the insured after the operation was administered by the surgeon, and he did not say he was present or knew what that treatment was; also, he said, during that time he knew the insured was attended by another physician whose name he did not know, nor does he claim to have been present at such attendance, or to know whether or not it was for a serious disease.

There being no dispute but that such medical attendance was received by the insured, under the policy the burden was upon the plaintiff to show that "no such * * * medical treatment or attendance was for a serious disease." The bearing of this burden was not even attempted, and the court was right in directing a verdict, and its judgment thereon is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.