R. E. TOWNSEND CORP. *v.* GLEANER LIFE INSURANCE SOCIETY.

JUDGMENT—SUMMARY JUDGMENT FOR DEFENDANT.
     In action on certificate of life insurance, issued by defendant mutual insurance society, wherein trial court granted defendant's motion for summary judgment based on grounds that there was no question of fact, that beneficiary had failed to exhaust remedies provided by insurance agreement before resorting to court, and that plaintiff's claim was barred by the statute of limitations, sufficient question of fact was raised to deny a summary judgment for defendant (Court Rule No. 30, § 7 [1933]).

Appeal from Washtenaw; Sample (George W.), J. Submitted April 11, 1941. (Docket No. 54, Calendar No. 41,550.) Decided June 2, 1941.

Assumpsit by R. E. Townsend Corporation against Gleaner Life Insurance Society for insurance proceeds. Motion of defendant for summary judgment granted. Plaintiff appeals. Reversed and remanded for hearing on the merits.

*Burke & Burke* (*L. E. Burke* and *Chas. S. Abbott,* of counsel), for plaintiff.

*Hugh E. Wilson* and *Edward F. Conlin,* for defendant.

McALLISTER, J.   On January 6, 1932, Charles G. Bush made application for life insurance with defendant company, and on February 19, 1932, a certificate of insurance was issued to him, naming plaintiff corporation as beneficiary, and providing that the constitution and bylaws of defendant insurance company, together with the certificate, constituted the agreement between the insured and defendant. On November 11, 1932, while the policy was in effect, the insured died, and five days thereafter, plaintiff's proof of claim and affidavit were filed with the insurance company. On January 11, 1933, plaintiff's claim was rejected by the claims department, and plaintiff was notified of its right to appeal to the supreme council of defendant company, which it thereafter did, the claim being rejected by the council on January 26, 1934.

At the time the policy was issued, the constitution and bylaws of defendant provided that the supreme arbor would meet only once every two years, so that the next meeting thereof, at which the appeal could be considered, was in 1935. However, before this biennial meeting, the bylaws were amended to provide for such meeting every four years—so that there was no opportunity to present the appeal to

the supreme arbor until 1937, which would have been five years after the insured died.

Thereafter, defendant company advised plaintiff that if it wished to present an appeal, it would notify the plaintiff of the time and place when said hearing was to be held. Plaintiff then notified defendant that it wished to take advantage of such appeal, on March 20, 1934, and asked to be advised of the time and place of such meeting. This meeting, in accordance with the amended bylaws, was not held until 1937, and plaintiff 'was never notified of the meeting or the time and place at which it was to be held. At the meeting in 1937, plaintiff not appearing, the claim was passed; and the bylaws of defendant were again amended to provide that meetings of the supreme arbor be held every two years, so that presentation of the appeal could not be then made until 1939, a period of seven years after the death of the insured.

On March 20, 1939, plaintiff commenced suit on the policy of insurance, and after subsequent pleadings by both parties, defendant filed a motion for summary judgment, February 19, 1940.[*] The grounds on which such motion was based were that there was no question of fact in the case; that plaintiff had failed to exhaust its remedies as provided in the insurance agreement before resort to the court; and that plaintiff's claim was barred by the statute of limitations. The court granted the motion for summary judgment on the ground that plaintiff had not exhausted the remedies provided in the contract before resort to suit; that plaintiff had demanded return of premiums in 1938; and that plaintiff, by failure to institute suit during the period in which provisions of the bylaws for quadrennial meetings of the supreme arbor were in effect, could not now complain of such four-year provision.

---

* See Court Rule No. 30, § 7 (1933).—Reporter.

In *Allen* v. *Gleaner Life Insurance Society,* 274 Mich. 171, it was held that the question of reasonableness of bylaws of a mutual insurance society (which was the same society involved in this case) was a question of fact, and where bylaws of the society so operated as to delay final hearing on final appeal within the society for a period of three years, they were void as being unreasonable, under the circumstances of that case. In the instant case, after the death of the insured, and after the presentation of the claim, the period for hearing of the final appeal was increased from two years to four years, which delayed the appeal five years from the date that insured died; and, in addition, no notice was ever given, although promised, as to when and where such meeting for the hearing of the appeal would be held, at the time the bylaw was re-amended, substituting a two-year period; so that plaintiff was deprived of his right of appeal for four years under the new bylaw, and, because of the failure of defendant to notify it at the time the bylaw was re-amended, for a period of seven years from the date of the death of the insured. We are of the opinion that such bylaw requiring the four-year period was unreasonable; and in connection with the failure of the defendant to notify plaintiff at the end of such period, the delay thereby required was such as to permit plaintiff to file suit without regard to compliance with the bylaws.

It is ably argued by counsel for defendant that plaintiff must show compliance with the terms of the contract, or show some excuse for his failure to do so. In this respect, the declaration is deficient, but plaintiff, in its affidavit in opposition to the motion for summary judgment, can be said to have raised the question of the invalidity of the bylaw in question, though rather obliquely and without the clarity that should be shown in such a case.

The trial court was, therefore, in error in holding that plaintiff had not exhausted the remedies provided in the contract before resorting to suit. The fact that plaintiff did not institute suit during the amended four-year period was not a waiver of his right to insist that the bylaw was void, at a subsequent period. Plaintiff claims that it relied on what the company told it—that it would be notified of the meeting at the end of such period. The company failed, even after this extended period, to notify plaintiff, who relied upon defendant's promise to do so. It cannot be held that plaintiff waived its rights to claim the bylaw void on the ground that it did not file suit during such four-year period. Defendant raises the statute of limitations as a ground for the granting of the summary judgment, but the court did not decide the motion on such ground. With regard to the court's holding that defendant was entitled to a judgment because of plaintiff's demand for repayment of premiums, this ground was not relied upon in such motion for summary judgment, and doubtlessly presents questions of fact.

Judgment reversed and case remanded for hearing on the merits, with costs to plaintiff.

CHANDLER, J., concurred with McALLISTER, J.

BUTZEL, J. I concur in the result because there was sufficient question of fact raised to deny a summary judgment.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH and WIEST, JJ., concurred with BUTZEL, J.