**The ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA,**
Appellant,

v.

**Hazel Marie DUNCAN, Appellee.**

**No. 12213.**

United States Court of Appeals,
Sixth Circuit.

March 4, 1955.

Rehearing Denied April 28, 1955.

Matthew Davison, Jr., Flint, Mich. (Gault, Davison & Bowers, Flint, Mich., on the brief), for appellant.

Robert E. Rutt, Detroit, Mich. (Ward, Plunkett & Cooney, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court rendered upon a jury verdict in favor of the beneficiary under a life insurance policy issued by defendant,[1] a fraternal beneficiary society incorporated under the laws of Ohio. The life insurance certificate issued to the insured, a resident of Michigan, within the state of Michigan, provided that the constitution, bylaws, articles of incorporation and insurance application, together with the certificate, should constitute the contract. The claim of the beneficiary was disallowed December 14, 1951, and suit was brought November 12, 1952. Under defendant's constitution no suit to recover benefits could be brought after six months from the date of disallowance of the claim.

■ Under Ohio law a fraternal benefit society may contract for a limitation upon the time for suit, but the limitation must be reasonable. 22 Ohio Jurisprudence 764. This is the general rule. 14 R.C.L. §§ 580, 1417; 121 A.L.R. 773–777.

The rule of Ohio is stated as early as 1858. In William C. Fellowes v. The Madison Insurance Company, 2 Cincinnati Superior Court Reports, 128, 135, the court declared: "What shall be regarded as a reasonable time in any particular case, or class of cases, will depend upon circumstances. It should in any event allow sufficient opportunity to a party to investigate his claim, and prepare for the controversy." See also Appel v. Cooper Insurance Company, 76 Ohio St. 52, 80 N.E. 955, 10 L.R.A., N. S., 674. In this fire insurance case, the six-months limitation provided in the policy was held to be reasonable. Bartley v. The National Business Men's Association, 109 Ohio St. 585, 143 N.E. 386, a life insurance case, held in effect that a time limitation of two years was reasonable. In Oster v. Columbian National Fire Insurance Company, 7 Ohio Abst. 570, a suit upon a fire insurance policy, a limitation of one year from date of loss was held reasonable. Counsel for defendant concedes that there is no decision of the Supreme Court of Ohio holding the limitation of six months in a life insurance case to be reasonable. Moreover, we find no Ohio case which does not carry the precise time limitation in the policy certificate. 121 A.L.R. 773–777.

■■ The instant case arose in the State of Michigan, in which defendant had been authorized to do business. A condition of its being admitted to the state to carry on its business was that it should abide by the law of the state. M.S.A. § 21.95, Comp.Laws 1948, § 450.-94. The effect of the statutes regulating the transaction of local business in Michigan by foreign corporations is to make such corporations, as to such business, domestic corporations entitled to and subject to the same remedies as such corporations in the courts of Michigan. Showen v. J. L. Owens Company, 158 Mich. 321, 122 N.E. 640. It is the established law of Michigan, as it is in Ohio, that the validity of bylaws and regulations relating to the management of the property, affairs, and business of mutual insurance societies depends upon

1. The parties will be denominated as in the court below.

their being reasonable. All such by-laws must be reasonable and, if not so, are void. Allen v. Gleaner Life Insurance Society, 274 Mich. 171, 264 N. W. 332. Cf. R. E. Townsend Corporation v. Gleaner Life Insurance Society, 298 Mich. 10, 298 N.W. 385, in which a summary judgment for the insurance company was reversed.

 Under Michigan law it is a question of fact for the jury whether the bylaws and regulations of a mutual benefit association are reasonable or unreasonable. Allen v. Gleaner Life Insurance Society, supra, 274 Mich. 171, 174, 264 N.W. 333. Here the jury found that the provision requiring the plaintiff to start action within six months from the time the claim had been denied was unreasonable. Since the suit was brought within the six-year period set by the statute of Michigan, the court held that the suit had been timely brought. The court did not err in submitting this question to the jury. It was a procedural question governed by the law of the forum. Restatement Conflict of Laws, § 585. The law of the forum determines whether an issue of fact shall be tried by the court or by a jury. Restatement Conflict of Laws, § 594.

 Defendant relies upon Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687. But that case is sharply differentiated from this by the fact that the provision as to the six-months limitation was stamped upon the face of the insurance certificate. In all Ohio cases cited herein the limitation was on the face of the certificate or policy. Here defendant proved no knowledge on the part of the insured or the beneficiary as to the time limitation. The certificate of insurance does not state nor even refer to the period of limitation for instituting suit on the policy. No evidence was adduced to the effect that defendant ever sent the constitution to the insured or to the beneficiary and the court so found. The beneficiary testified that she had searched the effects of the deceased and found the policy but no copy of the constitution or bylaws. While the insured is presumed to know the provisions of the constitution and bylaws, The Springfield Township Mutual Fire Insurance Association v. Foster, 40 Ohio App. 351, 178 N.E. 427, this presumption does not come into force against the beneficiary who did not execute the application nor contract with defendant. Cf. McGhee v. Casualty Company of America, 15 Ohio App. 457, 464, 465. This case holds in the syllabus that a subrogated employee who had obtained judgment against an insured employer was not barred by a special limitation in the policy of insurance applying to the insured and limiting his right of action to 90 days after judgment against such insured.

The judgment of the District Court is affirmed.

### On Petition for Rehearing

Defendant has filed a petition for rehearing, contending that the judgment herein was erroneous under the doctrine of Order of United Commercial Travelers of America v. Wolfe, 331 U. S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687. This point was raised at the hearing, but we have re-examined the question and adhere to our original conclusion.

 The principal question discussed in the Wolfe case was the effect of the full faith and credit clause of the Federal Constitution upon recovery in an action brought in South Dakota upon an insurance certificate issued by a fraternal benefit society organized in the State of Ohio. The facts of the Wolfe case are dissimilar to those here presented, where recovery on the certificate has been awarded in accordance with the law of Ohio, as well as with the law of Michigan. It is the law of Ohio that a limitation of the time to file suit on a fraternal benefit insurance certificate is valid if reasonable. This is the law of Michigan. The question whether such a limitation is reasonable is a question of fact for the jury under Michigan law. Allen v. Gleaner Life Ins. Co., 274 Mich. 171, 173, 174, 264 N.W. 332. De-

fendant claims that in Ohio the reasonableness of the limitation is a question of law for the court. This is true if reasonableness is not contested. In Appel v. Cooper Ins. Co., 76 Ohio St. 52, 80 N.E. 955, 956, 10 L.R.A.,N.S., 674, a fire insurance case, the court pointed out that neither in the proceedings, the briefs, nor in oral argument was it claimed that the six-month limitation was unreasonable. However, in the Appel case the court in the syllabus, which in Ohio declares the law, 11 O.Jur. 796, 797, established the right of the assured or the beneficiary to attack the reasonableness of the limitation as a matter of fact. In the first paragraph of the syllabus the court held that such a limitation was lawful "provided the period of limitation fixed be not unreasonable" and in the second paragraph of the syllabus the court stated that such a provision as that involved herein would be enforced "where no extrinsic facts are alleged excusing delay in bringing the suit." In none of the Ohio cases cited or examined was the reasonableness of the limitation contested as a matter of fact. The cases often are decided on a question of waiver. Cf. Bartley v. The National Business Men's Ass'n, 109 Ohio St. 585, 143 N.E. 386; Oster v. Columbian National Fire Ins. Co., 7 Ohio Law Abst. 570. The Appel case is the leading decision on the subject, has never been reversed nor modified, and states the established law of Ohio. It was cited in Order of United Commercial Travelers of America v. Wolfe, supra. Under Ohio law "Ordinarily, an issue as to the reasonableness or unreasonableness of anything is regarded as a mixed question of law and fact for the determination of the jury, and is always so where reasonable minds may draw differing inferences from the facts in dispute." 39 O.Jur. 766, 767, and many Ohio cases cited. Cf. 53 Am. Jur. 170. If, then, a plaintiff suing in Ohio should contest the reasonableness of the six-month limitation in life insurance contracts as a matter of fact or should allege that extrinsic facts existed excusing delay in bringing the suit, and if these claims were contested as in the instant case, under the Appel case relevant issues of fact would be presented which the jury would have to determine.

In the instant case plaintiff claimed that the limitation was unreasonable and also claimed in effect that the beneficiary, acting "in good faith, and with proper diligence," Appel v. Cooper Ins. Co., supra, 76 Ohio St. at page 61, 80 N.E. at page 958, because of lack of information as to the limitation, which it was the duty of the company to provide, did not bring the suit within the six-month period and thus the delay was excused. These facts were contested by defendant and an issue of fact was presented to the jury under Ohio law as well as under Michigan law. Defendant in any case waived its right to question submission of these issues to the jury, for it objected neither to the form of the question nor to its submission. The jury found that the limitation was "unreasonable" and we are bound by this finding under the law, both of Ohio and of Michigan. Under the circumstances we conclude the full faith and credit clause of the Federal Constitution has not been violated in the Michigan trial and that Order of United Commercial Travelers of America v. Wolfe, supra, Ferris v. American Insurance Union, 245 Mich. 548, 222 N.W. 744, 65 A.L.R. 1033, and other similar cases relied on by defendant do not control decision.

Moreover, the instant case is differentiated from the Wolfe case by the fact that there the provision as to the six-month limitation was stamped upon the face of the insurance certificate originally issued to the decedent. It is also differentiated by the fact that in the Wolfe case it was not claimed that the beneficiary had no notice of the limitation, while here it was shown by the uncontradicted evidence that notice did not exist. The beneficiary searched through her husband's effects and papers. She said she went "through everything"; that she located the policy but did not find any copy of the bylaws or constitution. No proof was presented to the effect that

such a copy had been sent either to the assured or to her. We cannot agree with defendant's view that the Supreme Court's statement in the Wolfe case, supra, 331 U.S. at page 599, 67 S.Ct. at page 1361, that the six-month limitation provision "was printed in full on the back of the certificate of membership originally issued to the decedent" has no bearing. It is a clear recognition of the importance of notice. In no Ohio case relied on by defendant was the precise time limitation not carried in the policy certificate nor was it shown that the beneficiary had no notice of the provision.

Defendant also contends that if the six-month limitation in a fire insurance policy is valid such a limitation in a life insurance policy is equally valid. We disagree with this conclusion. In William C. Fellowes v. The Madison Insurance Co., 2 Cincinnati Superior Court Reports, 128, 135, the court declared, "What shall be regarded as a reasonable time in any particular case, or class of cases, will depend upon circumstances. It should in any event allow sufficient opportunity to a party to investigate his claim, and prepare for the controversy." This was reasserted by the Supreme Court of Ohio in Appel v. Cooper Ins. Co., supra, which declared that a limitation provision "which does not leave to the assured a reasonable time in which to bring suit after his cause of action accrues is void and of no effect * *." When a fire occurs which is covered by a fire insurance contract the assured, who knows the provisions of the contract, is alive. In an action on a life insurance policy the assured, who executed and is presumed to have known the terms of the insurance contract, is dead. It is obvious that in ordinary cases the time for the beneficiary to have sufficient opportunity to investigate his or her claim and prepare for the controversy should be longer in a death case than in a fire insurance case. Moreover, the beneficiary herein not only did not make the contract but never knew its terms.

Defendant relies on decisions in Prudential Insurance Co. v. Howle, 19 Ohio Cir.Ct.R. 621, and Meyer v. Metropolitan Life Insurance Co., 7 Ohio N.P. 480. In each of these cases the limitation provision was printed as a part of the policy. These decisions do not strengthen defendant's case. While the limitation was recognized by the court as valid, the legislature of Ohio in 1908 enacted a statute that no policy of life insurance shall be issued or delivered in the state of Ohio if it contains a provision limiting to less than five years the time within which any action at law or in equity may be commenced after the cause of action accrues. Thus by legislative action the limitation in this class of cases relied on by defendant was wiped out.

The petition for rehearing is denied.