ATLAS REALTY, INC., Plaintiff-Appellee, v. LADIES AUXILIARY TO THE BROTHERHOOD OF RAILROAD TRAINMEN, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 6407. Decided October 18, 1960.

434

*Messrs. Ingalls & Jones, Mr. Gene A. Jones,* of counsel, for plaintiff-appellee.
*Messrs. Shocknessy, Summers & Denton, Miss Florence G. Denton,* of counsel, for defendant-appellant.

(MATTHEWS, P. J., LONG and O'CONNELL, JJ., of the First District, sitting by designation in the Tenth District.)

For further history see *Omnibus Index* in bound volume.

MATTHEWS, P. J. This is an action by a lessor against a lessee. The claim of the plaintiff is that the tenancy was from year to year, and that while the lessee chose to vacate the premises after paying rent to June 1, 1959, the term did not expire until November 30, 1959. The defendant claimed that the tenancy was from month to month and that it had paid to the date of its vacation of the premises. The Municipal Court found that the tenancy was from year to year, and rendered judgment in favor of the plaintiff against the defendant for $4,205.00, with interest. This appeal is from that judgment.

It appear from the evidence that the defendant-appellant had been a tenant of the plaintiff-appellee since 1910. It does not appear clearly from the record what the duration of the tenancy was in the beginning, but it does appear that commencing in 1947, that as the current year was on the wane, a document was prepared reciting that the tenancy was to be for one year, at an annual rental payable in monthly installments. These documents were signed by the lessor acting through its president, and by the lessee, acting through its Grand Secretary and Treasurer.

The defendant claims that under its rules the Grand Secretary and Treasurer had no authority to bind it by signing its name to the document. Its claim is that to bind it, it was neces-

sary that the joint signatures of its Grand President and its Grand Secretary and Treasurer were essential. In other words, its claim is that the Grand Secretary and Treasurer lacked authority to bind it by the lease.

On their faces these documents appear to be fully executed leases. They are on standard forms of printed leases, contain the usual provisions, duly executed by officers of the parties; the only difference being that the lessee acted through its Grand Secretary and Treasurer, and the lessor through its President.

But it is said that the defendant's Grand President knew nothing about these documents until about the time the lessee was preparing to vacate the premises, notwithstanding the practice covering a period of at least ten (10) years of preparing and executing them annually in precisely the same way. During that period they were kept in the lessee's safe, and that is where they were found when the lessor asserted its claim for rent, based on an annual tenancy. They were produced at the trial from defendant's custody.

In 31 Corpus Juris Secundum, page 838 (Section 150), this rule is stated:

"Further, it is presumed that a person receiving a written instrument in the transaction of business, as, for example, the purchaser of a bond or the recipient of an insurance policy, is acquainted with its contents."

This rule is generally recognized, and has been applied in the following Ohio cases: *Baranowicz* v. *Metropolitan Life Ins. Co.*, 34 N. E. (2d), 987; *The Springfield Township Mutual Fire Ins. Assn. et al*, v. *Foster et al*, 40 Ohio App., 351; *Safford, Supt. of Ins.* v. *The Cleveland Accident Ins. Co. et al.*, 37 Ohio App., 84.

The trial court found generally for the plaintiff on the issues of fact and rendered judgment for it. No request for a separate finding of facts and law was presented. We, therefore, can only surmise as to the reasoning indulged in and deductions from the evidence drawn by it.

We find that there are circumstances in the evidence indicating that the defendant adopted and ratified these written leases, although not signed by its Grand President, and that it is estopped at this late date to deny that it was bound for the

current year—in other words, that the tenancy was from year to year.

For these reasons, the judgment is affirmed.

LONG and O'CONNELL, JJ., concur.