## Thomas
### v.
### Allstate Insurance Co.
*[Cite as 3 AOA 224]*

*Case No. 58391*
*Cuyahoga County, (8th)*
*Decided May 31, 1990*

*John E. Duda, Esq., 330 Western Reserve Bldg., 1470 West Ninth Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Richard P. Sweebe, Esq., M. Kathleen O'Sullivan, Esq., Ulmer & Berne, 900 Bond Court Building, Cleveland, Ohio 44114-1583, for Defendant-Appellee.*

*Per Curiam.*

Appellants, Douglas Thomas and Ella Thomas, brought suit against Transohio Savings Bank, ITT Financial Services and appellee, Allstate Insurance Co. Appellants appeal solely from the summary judgment entered for appellee. The complaint had alleged that prior to March 1, 1987 appellants orally contracted with appellee's agent, Seretha Henderson, and purchased an insurance binder, effective March 1, 1987, which Henderson recommended for their real property and its contents. Count one of the complaint further alleged that when the premises and contents were destroyed by fire on March 3, 1987 they notified appellee on March 4, 1987 and asked how to present their claim but were told that coverage would not be afforded, the application had not been turned in by the agent and the agent had altered the effective date from March 1, 1987 to March 5, 1987. Count one further claimed that the failure to properly process the application was gross malfeasance and negligence and that denial of coverage was done in bad faith.

In its answer appellee denied the existence of any policy effective March 1, 1987 but also raised the alleged failure of appellants to comply with the policy and bring their action within one year of the loss. Appellee filed a motion for summary judgment which argued alternatively. First, appellee alleged that all of appellants' claims are barred because the policy for which appellants claim they contracted allegedly states at "conditions, 14, page 22" as follows:

"No suit or action may be brought against *us* unless there has been full compliance with all the policy terms. Any suit or action must be brought within one year after the date of loss." (Emphasis added.)

The motion also argued that the complaint failed to allege facts to support the presence of actual malice essential to recover punitive damages.[1]

Appellants' brief in opposition attached affidavits of both appellants. Henderson's affidavit had insisted that she told them there could be no coverage until they signed the application and paid the premium. She admitted marking an application to indicate a binder effective March 1, 1987 but explained that appellants failed to show for a meeting in February. Henderson claimed that she corrected the effective date when they finally met on March 4, 1987 and, when Douglas Thomas asked if it could be effective March 1, 1987 and she told him it could not, he signed the binder and paid the premium.

Douglas Thomas' affidavit denied that a meeting was set for February and insisted that the application was changed after the application was signed and the premium paid. He claimed that on February 26, 1987 Henderson told him that coverage would be effective March 1, 1987. Both appellants swore that they had previously placed insurance with Henderson over the tele-

phone and were billed after it was effective. They both denied that Henderson told them the coverage would not begin until the application was signed and the premium paid. Douglas Thomas swore that Allstate never provided them with a copy of the policy.

The trial judge granted the motion for summary judgment and stated as follows:

"Allstate's motion for summary judgment is granted on the issue of failure to file within one year. The court particularly notes that regardless of whether coverage became effective on March 1, 1987 or March 5, 1987, the same policy would be in force. Further, there is undisputed evidence that an attorney became involved by calling Allstate on March 5, 1987 to inquire about coverage." This court does not believe there is an exception to *Appel* v. *Cooper Ins. Co.* and relies upon *Ameritrust* v. *West Amer. Ins.*

## I
### A

Appellants do not dispute that reasonable contractual statutes of limitation are valid. *Appel* v. *Cooper Ins. Co.* (1907), 76 Ohio St. 53. Appellants' complaint was filed on March 4, 1988. The loss was March 3, 1987. The motion and the attached affidavit of Henderson both claim that the policy in question is attached to Henderson's affidavit. A policy is attached but although the cover page lists "Conditions, Suit Against Us, 22" in the table of contents the policy itself is incomplete. Attached to the table of contents page are only pages 3 to 11. Whether or not the contractual statute of limitation provision was a term of the policy contracted for is a question of fact. *Sobocinski* v. *American States Ins. Co.* (January 5, 1978), Cuyagoha App. No. 36645, unreported. There is no evidence that the alleged provision was one of the terms of the policy for which the parties contracted. summary judgment was improperly granted on that issue.

### B

Appellee argued that if there were an oral contract for the binder appellants are barred by the limitation provision in the policy. Even if the appellee had attached a policy containing such a provision there is no evidence that appellants had an opportunity to see the policy or were informed of this provision when they orally contracted for the binder.

A party who asserts a contract as the basis of recovery is bound by the terms of the "*delivered* contract." *Dragon* v. *Allstate Ins. Co* (December 29, 1983), Cuyahoga App. No. 46813, unreported, (emphasis added) citing *The Union Central Life*

*Ins. Co.* v. *Hook* (1900), 62 Ohio St. 256 (syllabus 2). The principal that a party is bound by the terms is limited to a *delivered* contract. In absence of fraud or mistake a party to a contract is conclusively presumed to know the terms of an insurance policy when it had *received* or had *possession* of the policy, whether it read it or not. *Union Central Life Ins. Co.*, 62 Ohio St. at syllabus 2; *Perkins Steel Co.* v. *INA Ins. Co.* (May 5, 1983), Cuyahoga app. No. 45510, unreported, citing *Baranowicz* v. *Metropolitan Life Ins. Co.* (1940), 66 Ohio App. 444 (syllabus 3) citing *Union Central.*[2]

Appellee contends that this court held that knowledge on the part of the appellants was unnecessary. Appellee cites *Ameritrust* v. *West American Ins. Co.* (1987), 37 Ohio App. 3d 182 Syllabus 1 states as follows:

"A loss payee, such as a bank, is bound by the one-year limitations clause contained in a fire insurance policy issued to a loan customer even though the certificate of insurance issued to the bank did not contain the limitations clause."

An examination of that case reveals that it does not stand for the proposition that a party to a contract is bound by a provision of the agreement if it never had any opportunity to have knowledge of its terms. In *Ameritrust* the mortgagees of Ameritrust obtained insurance on their residence as required by the mortgage agreement. *Id.* at 183. The insurer denied liability and Ameritrust sued nineteen months after the fire. *Id.* Conflicting affidavits appeared to raise a question concerning lack of notice of the limitation. *Id.* at 184. *Ameritrust* concluded as follows:

" The undisputed documentary evidence submitted by the parties shows that the bank's alleged ignorance is largely attributable to its internal business practices. As noted above, it was the bank's custom to request from the insurer only a certificate of insurance rather than a copy of the policy itself. The bank chose to guarantee its access to the actual policy through the Perisics, by the inclusion of [a] provision in the mortgage agreement...."
*Id.* at 185.

*Ameritrust* emphasized that the bank knew of the claim before the deadline passed. *Id.* The bank had argued that "adherence would work an unjust result." *Id.* at 184. *Ameritrust* is limited to that issue and the particular facts of the case.

*Union Central* and its progeny hold that a party to a contract will be bound to the terms of an undisputed contract which it had an opportunity to read. If a party failed to ever obtain a

contract that everyone agreed existed the consequences of that wilful ignorance would be the fault of that party. E.g. *Ameritrust.*

For purposes of the limitations argument appellee concedes the existence of an oral contract for a binder to be effective pending the approval of the application for the Deluxe policy. Had the existence of that contract in fact been undisputed appellants would have had an obligation to obtain a copy of the policy or be conclusively presumed to know the contents of a policy of which it was wilfully ignorant. But here Allstate denied the existence of any policy effective on March 3, 1987 and provides no evidence that appellants were told of such a provision. Cf. *Bartley* v. *Business Assn.* (1924), 109 Ohio St. 585 (proof of claim requirement of undisputed contract waived upon denial of liability).[3]

Where appellee denied the existence of the policy asserted it foreclosed any opportunity to know of the provision. (The policy allegedly effective March 5, 1987 is irrelevant. The fire was March 3, 1987. A March 5, 1987 contract provides no coverages. Additionally, appellants dispute its existence.)

II

"An insurer has a duty to act in good faith in the processing and payment of the claims of its insured. A breach of this duty will give rise to a cause of action in tort against the insurer irrespective of any liability arising from breach of contract. (*Hoskins* v. *Aetna Life Ins. Co.* [1983], 6 Ohio St. 3d 272, 6 OBR 337, 452 N.E. 2d 1315, approved and followed.)

"Punitive damages may be recovered against an insurer that breaches its duty of good faith in refusing to pay a claim of its insured upon proof of actual malice, fraud or insult on the part of the insurer." (*Hoskins* v. *Aetna Life Ins. Co.* [1983], 6 Ohio St. 3d 272, 6 OBR 337, 452 N.E. 2d 1315, approved and followed.) *Staff Builders, Inc.* v. *Armstrong* (1988), 39 Ohio St. 3d 298 (syllabus 2 and 3).

Appellee contends that the complaint failed to allege facts to support the claim for punitive damages. The complaint stated that Henderson wrote a "5" over the "1" to change the effective date of coverage to March 5, 1987 (two days after the fire).

Given the conflicting affidavits a jury could find that refusal to pay was not reasonable (i.e. in bad faith) and that the appellee acted fraudulently in altering the date.

Summary judgment was improperly granted. The judgment of the trial court is reversed.

*Judgment reversed.*

CORRIGAN and DYKE, JJ., concur.

KRUPANSKY, P.J., concurs and dissents.

I concur with the majority's decision to reverse and remand the case *sub judice* on the main premise. However, I would affirm summary judgment for the insurer on the issue of punitive damages.

The majority correctly states the standard to recover punitive damages which requires a two-step analysis as follows:

"(1) the insurer must have wrongfully and in bad faith refused to pay a *valid claim,* and

"(2) the insurer must be guilty of oppression, fraud, actual malice or insult." *Helmick* v. *Republic Franklin Ins. Co.* (1988), 39 Ohio St. 3d 71, 75; *Staff Builders, Inc.* v. *Armstrong* (1988), 37 Ohio St. 3d 298, 304; *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272.

At the inception then, Thomas, the alleged insured in the instant case, had to sufficiently plead Allstate had no legal or factual defense to payment of the insurance claim. The law in Ohio is clear that mere refusal to pay an insurance claim, is not, in itself conclusive of an insurer's bad faith. *Helmick, supra*, at syllabus paragraph 2.

Thomas' complaint and deposition alleged negligence in Allstate's agent Henderson's (1) failure to advise them of the policy requirements (2) failure to come to the Thomas home to sign the insurance papers and receive payment, and (3) failure to forward the paperwork to the home office. Furthermore, Thomas puts forward as grounds for punitive damages the conflicting version regarding whether the change in date on the policy from March 1, 1987 to March 5, 1987 was made in or out of the alleged insured's presence indicates bad faith. However, the record discloses no evidence of anything but legitimate caution in refusing to pay a claim on a policy dated two days after a fire at the Thomas residence. Considering the fact that Thomas knew a fire occurred at his residence on March 3, and yet he did not disclose this fact to agent Henderson on March 4, when Thomas signed the papers in her office, nothing suggests Allstate acted in bad faith in refusing to pay a rightfully disputed claim. In fact, nothing in the record indicates a claim was ever made by Thomas on the policy until this suit accrued. Therefore, non-payment by Allstate was reasonably justified since a dispute arises regarding the effective date of the policy. *Id.*

Assume *arguendo* facts tended to prove a bad faith refusal to pay existed on Allstate's part, such facts fail to rise to a level needed to reach *actual malice*, the second level required for punitive damages.

Actual malice is defined as "that state of mind under which a person's conduct is characterized by hatred or ill will, a spirit of revenge, retaliation or a determination to vent his feelings upon other persons." *Staff Builders, supra* at 304, citing *Columbus Finance, Inc.* v. *Howard* (1975), 42 Ohio St. 2d 178; *Pickle* v. *Swinehart* (1960), 170 Ohio St. 441, 443.

The evidence by way of deposition of the Thomases and agent Henderson was insufficient to show any more than reasonable caution in refusing to acknowledge a policy existed on March 3, 1987. Thomas asserts he had an oral binder agreed to over the telephone with Agent Henderson to start homeowner's insurance on his dwelling on March 1, 1987. It is uncontested that no payment was made on the premium until the March 4, 1987 meeting between Thomas and Henderson. It is significant that appellant has produced no submission of a claim form or docu

mented refusal to pay on Allstate's part. Under the circumstances, the record fails to portray any affirmative act on the part of the insurer that is sufficient to prove "actual malice, fraud, or insult on the part of the insurer." *Hoskins, supra.* Neither can any actual malice be inferred from the circumstances. *Id.*

Accordingly, summary judgment was properly granted for defendant on the issue of punitive damages.

---

[1] Contrary to appellee's assertion at oral hearing, the motion did not argue that there was no contract. Given the conflicting affidavits it could not have done so and succeeded.

[2] See also *Travelers' Ins. Co.* v. *Meyers & Co.* (1900), 62 Ohio St. 529, 541; *The Ohio Farmers' Ins. Co.* v. *Titus* (1910), 82 Ohio St. 161; *Michigan Auto Ins. Co.* v. *Van Buskirk* (1927), 115 Ohio St. 598.

[3] In fact at oral hearing appellee stated that it was appellee's policy not to tell parties to the oral binder of the limitations provision but to send a copy through the mail. Appellee conceded that it had no knowledge of whether the policy was sent and that appellants denied receiving one.