## William N. Somers, Appellee, v. Pacific Fire Insurance Company, Appellant.

### Gen. No. 25,962.

1. INSURANCE—*sufficiency of evidence to show interest under participation certificate in open automobile insurance policy.* In an action upon an automobile insurance policy, issued as an open policy to plaintiff's creditors, insuring them and the purchasers of motor vehicles and the makers and indorsers of notes secured by ·liens thereon, plaintiff claiming under a participation certificate showing his interest in the policy, testimony of plaintiff *held* to have made a prima facie case notwithstanding the notation of can-cellation of the original participation certificate introduced by him, which was produced by defendant.

2. INSURANCE—*admissibility of evidence to show cancellation of certificate of participation in open policy.* In an action upon an open insurance policy issued to plaintiff's creditors insuring them and the purchasers of motor vehicles and the makers and in-

dorsers of notes secured by liens thereon and under which a participation certificate had been issued in favor of plaintiff, where defendant set up an alleged cancellation of such certificate, it was error to exclude testimony by the creditor tending to show its cancellation upon authorization by plaintiff.

3. PRINCIPAL AND AGENT—*agent's competency to testify to acts and statements of himself and his principal.* An agent is a competent witness as to what the principal may have said or done and, having testified as to that, he may further testify as to what he said or did himself.

Appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed and remanded. Opinion filed October 5, 1921.

DEFREES, BUCKINGHAM & EATON, for appellant; WILFRED M. DOHERTY, of counsel.

ILES, O'CONNOR, EBERHARDT & KESLER, for appellee; RODERICK H. O'CONNOR, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal by the defendant Insurance Company from a judgment for $360, recovered by the plaintiff on a directed verdict.

The plaintiff was indebted to one Githens Bros. Company for a loan secured by chattel mortgage on a Ford automobile. The defendant issued an open policy of insurance covering fire and theft, insuring Githens Bros. Company and the purchasers of motor vehicles and the indorsers and payers of notes secured by liens thereon. The plaintiff made his loan from Githens Bros. Company in May, 1918, and a participation certificate was issued showing plaintiff's interest in the policy and insuring the respective parties from May 13, 1918 to May 13, 1919, as their several interests might appear.

The plaintiff completed the payment of his loan to Githens Bros. Company in January, 1919, and shortly

thereafter had some negotiations with that firm looking towards a new loan but they were not consummated and the new loan was not made. Under date of February 27, 1919, Githens Bros. Company, in writing, requested the local agents of the defendant to cancel the participation certificate in question as of February 26, and this was done and credit for the unearned premiums was given Githens Bros. Company.

On the trial of the case, a copy of the policy and the original participation certificate were introduced in evidence. The policy provided that it was "issued and delivered to Githens Bros. Company * * * for the benefit of the several parties in interest," as therein defined.

We are of the opinion that the plaintiff made out a prima facie case by his own testimony, notwithstanding the notation of cancellation on the original participation certificate introduced by him, which was produced by the defendant. Among other witnesses the defendant called Mr. Githens, the president of Githens Bros. Company, who testified he had had several loan transactions with the plaintiff; that he had made him a loan in May, 1918; that his company was then insured under the policy in question. He described their method of doing business and stated that at the time of his transaction with plaintiff in May, 1918, a participation certificate was issued to the plaintiff to evidence his interest in the policy in question; that the loan made to plaintiff in May, 1918, matured January 13, 1919, and was paid January 20, 1919. He further testified that on February 25, 1919, plaintiff asked for another loan for 6 or 7 months and he told plaintiff he could not make a loan for that period of time because the insurance on his car would expire May 13; that in order to consummate such a loan as plaintiff wanted, it would be necessary to take out new insurance covering the full period of the new loan and that plaintiff

said he understood that was so and that this would involve the cancellation of the existing insurance. He testified further that he prepared the papers for the new loan and requested the cancellation of the existing insurance; that they could not place new insurance on the car with the old insurance in force; that plaintiff was to come in the following day and sign the papers but he never came in. He was asked by the court if the plaintiff asked him to cancel the insurance in question and he answered that he did,—"positively." The written request of Githens Bros. Company for the cancellation of the insurance was then offered in evidence and plaintiff's objection thereto was sustained. At the close of the evidence plaintiff moved to strike out the testimony of Githens and that motion was allowed, and plaintiff then moved for a directed verdict and that motion was also allowed.

In these rulings we are of the opinion that the trial court erred. The defendant had filed several pleas, setting up the alleged cancellation of the participation certificate by Githens Bros. Company at plaintiff's direction and the question of whether it had been so canceled was the main issue of fact to be determined by the jury. On that issue both the letter referred to above and the testimony of Githens were clearly admissible. The policy specifically provided that it had been issued and delivered to Githens Bros. Company and that it was to be held by them for the benefit of several parties in interest as therein defined. If the plaintiff did request Githens to cancel the existing insurance in February, 1919, when he was negotiating for a new loan, as Githens testified he did, he, of course, thereby constituted Githens, or his company, his agent for that purpose, and in that event the cancellation of the participation certificate, giving the plaintiff the right to participate in the policy issued to Githens Bros. Company, was properly brought about on due authority of the plaintiff.

While it is true, as the plaintiff contends (as our Supreme Court said in *Merchants' Nat. Bank of Peoria v. Nichols & Shepard Co.*, 223 Ill. 41), that "an agent cannot confer power upon himself, and therefore his agency or authority cannot be established by showing either what he said or did," it is also true that the agent is a competent witness as to what the *principal* may have said or done and, having testified as to that, he may further properly testify as to what he himself said or did. The testimony of Githens was not confined to what he had said or done but he testified positively as to what the plaintiff (who was the alleged principal) had said and done,—that he told him (Githens) to have the participation certificate canceled, and he further testified, and properly, as to what he had done pursuant to that instruction. This was all competent testimony and should have been admitted.

With that testimony in the record, there was a contradiction between the plaintiff and Githens on the main issue of fact before the jury and that issue should have been left to the jury for their determination.

For the reasons stated the judgment of the superior court is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*

O'Connor, P. J., and Taylor, J., concur.