NATHAN MARCUS, TRADING, ETC., RESPONDENT, v. MANUFACTURERS LIABILITY INSURANCE COMPANY, APPELLANT.

Submitted July 11, 1921—Decided November 14, 1921.

A workmen's compensation and employer's liability accident insurance policy provided for "immediate" written notice to be given of an accident. The company may waive this provision; but whether it does or not, when different conclusions may fairly be drawn from the evidence, then there is a question of fact for the jury, which precludes the trial court from entering a nonsuit or directing a verdict in favor of the defendant.

On appeal from the Supreme Court.

For the appellant, *Randolph Perkins.*

For the respondent, *Jerome J. Dunn.*

The opinion of the court was delivered by

BLACK, J. The only point argued in this case is whether the defendant company waived the condition in its policy, which provides, upon the occurrence of an accident, the employer shall give *"immediate"* written notice thereof to the company or its duly-authorized agent. The suit grew out of a workmen's compensation and employer's liability policy of accident insurance. The policy is dated November 19th, 1918. The plaintiff sought to recover from the defendant the amount paid for an accident to one of its employes. The defendant resisted the payment on the ground that the condition of the policy in reference to notice had not been complied with. The accident occurred on May 29th, 1919. The plaintiff did not give notice of the accident to the defendant until September 29th, 1919, four months later. The trial judge submitted the case to the jury on the question of fact as to whether the defendant had waived the breach of this condition. The jury returned a verdict in favor of the plaintiff, on which the judgment was entered. It was the function of the

court to determine whether there was any evidence in the case from which a waiver may be found. It was the function of the jury to determine from all the evidence and legitimate inferences to be drawn therefrom whether there had been a waiver. All that we have to determine is whether there is evidence in the case from which the jury may find a waiver. The trial judge charged the jury, the words of the defendant as contained in two letters written to the plaintiff, one dated November 11th, 1919, and the other dated December 27th, 1919, differed from its actions, because, on October 18th, 1920, at a hearing before Deputy Commissioner George J. Jaeger, of the New Jersey Workmen's Compensation Bureau, Alexander Dembe, an attorney employed in the legal department of the Manufacturers Liability Insurance Company, the defendant, apparently acting for the defendant, took charge of the proceedings before the commissioner. The trial judge then clearly charged the jury thus, "between what the defendant wrote in its letters and what it did before the commissioner, you are to say which represents the real intent of the defendant. If you are satisfied by the greater weight of the evidence that the intent of the defendant was not to voluntarily relinquish its known right to have this contract ineffective as against it, because no notice was given pursuant to its provision, then the defendant is entitled to a verdict." A waiver is the voluntary relinquishment of a known right. This is as favorable to the defendant as it could ask. There being a conflict in the testimony from which different inferences may be drawn, a jury question was presented, thereby precluding the trial court from entering a nonsuit or directing a verdict in favor of the defendant. It would serve no useful purpose to review the testimony in detail.

The judgment of the Supreme Court is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—None.