### Henry Meyer, Appellant, v. Iowa Mutual Liability Insurance Company, Appellee.

### Gen. No. 30,555.

1. INSURANCE—*evidence admissible as to notice to insurer of accident causing loss under automobile liability policy.* Where in an action upon an automobile liability policy by a judgment creditor of the insured there was competent evidence, independently of declarations of an alleged claim agent of the insurer, to establish the fact of such agency, such declarations were admissible as tending to show representation of the company by such agent and that the company had notice of the accident upon which plaintiff's judgment was based.

2. INSURANCE—*evidence admissible as to notice to insurer of accident causing loss under automobile liability policy.* In an action upon an automobile liability policy by a judgment creditor of the insured, evidence as to statements made by the insured and the plaintiff to the insurer's soliciting agent, after the accident upon which plaintiff's judgment was based, and as to what was done by such agent in consequence of such statements, held competent evidence upon the question of notice to the insurer of the accident.

3. INSURANCE—*sufficiency of evidence to raise question for jury as to waiver of provisions respecting notice of loss and suit in automobile liability policy.* Evidence in an action upon an automobile

liability insurance policy by a judgment creditor of the insured held to raise a question for the jury as to whether there had been a waiver by the insurer of the policy requirement that notice in writing be given it of any accident causing a loss under the policy, and that in case suit were brought thereon, the summons was to be forwarded to the insurer's home office.

THOMSON, P. J., specially concurring.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed May 5, 1926. Rehearing denied May 18, 1926.

H. A. BARNHARDT, for appellant.

RALPH ROSEN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit on a liability insurance policy issued by the defendant to one Angelo Nardi, seeking the recovery of $2,500, being the amount of damages sustained by him as established by a judgment in a suit brought by Meyer against Nardi for personal injuries received by Meyer by being injured through the negligent operation of Nardi's automobile. At the close of the plaintiff's case, there was a directed verdict in favor of the defendant and plaintiff appeals.

The evidence tends to show that on the tenth of November, 1921, the defendant issued its policy to Angelo Nardi in which the defendant agreed to indemnify Nardi against loss from liability imposed by law upon him, for damages on account of bodily injuries accidentally suffered by reason of Nardi's ownership or maintenance of a Hudson automobile. The policy was for one year and while the automobile was being driven by Tony LaPanta, who was Nardi's chauffeur, it struck and injured Henry Meyer, the plaintiff. Afterwards Meyer brought suit against Nardi in the superior court

of Cook county on account of such injuries, the case was contested by Nardi and after trial there was a verdict and a judgment in favor of Meyer and against Nardi for $2,500. An execution was issued on this judgment and demand made on Nardi by the sheriff. The execution was returned wholly unsatisfied, and thereupon plaintiff brought the instant case.

Plaintiff bases his right to sue on the policy on the following provision of the policy:

''No action shall be maintained against the Company under this policy unless it be for the recovery of money actually paid by the Assured in full satisfaction of a judgment against the Assured after trial of the issue * * *. Provided that should an execution on a judgment against the Assured be returned unsatisfied in an action by a person who is injured * * * by the use of the automobile * * *, the judgment creditor shall have a right of action against the Company to the same extent that the Assured could have enforced his claim against the Company, had such Assured paid said judgment.'' The policy also provided:

''As soon as practical after its happening, the Assured shall give to the Company, or to some one of its authorized agents, written notice of any accident causing loss covered by this policy, with the fullest information obtainable. The Assured shall give like notice of claim for damages on account of such accidents. If any suit is brought against the Assured to recover such damages, the Assured shall immediately forward to the Company at its Home Office in Cedar Rapids, Iowa, every summons or other process served upon him.'' There was a further provision in the policy that the Company should have the exclusive right to contest or settle any claim or suits against Nardi. Plaintiff offered in evidence the praecipe, summons, declaration, pleas, instructions, verdict and judgment in the personal injury case of *Meyer v. Nardi.* He also offered in evidence the execution issued under the

judgment rendered in that case and the return of the sheriff thereon, showing that a demand had been made, but that no part of the judgment had been paid.

Angelo Nardi testified for the plaintiff that he obtained the policy in question from Thomas J. Reidy, whose name appears pasted on the back of the policy where it is stated that Reidy's business is "general insurance" and that his place of business is 1705 Insurance Exchange, No. 175 West Jackson Boulevard; that he paid the premium to Reidy and Reidy delivered the policy to him; that on July 7, 1922, while he was ill in a hospital in Chicago, Tony LaPanta, his chauffeur, while driving the car struck and injured Henry Meyer; that he was confined to the hospital for about two weeks after July 7th; that while he was in the hospital he was told of the accident and after he was able to leave the hospital he told Reidy about the accident; that "Reidy represents the company"; that Reidy was the man that sold him the policy and said to the witness, "If you hear anything let me know, so that I can report it to the company." The witness further testified that about 10 or 15 days after he got out of the hospital, the injured man came to see him about the matter; that he then called up Mr. Reidy on the telephone and told Reidy that Meyer had called and wanted some money; that afterwards he again called at Reidy's office and told him that he had a letter from a lawyer who apparently wanted $10,000; that he got a paper from the court which looked like a summons, which he also gave to Reidy; that about three or four days after he got the summons, Reidy took him to the office of the defendant company where they had a conversation about the matter with one Egan; that at that time Egan told him to employ a lawyer by the name of Blair; that Egan or the defendant would pay part of the lawyer's fee; that the witness went to see Blair as requested and that Blair represented Nardi in Meyer's suit against him. Plain-

tiff's attorney who was conducting the trial took the stand and gave testimony. Since it is apparent that counsel knew long before the trial that his testimony was to be offered he should have withdrawn as counsel. He testified in plaintiff's behalf that sometime from the first to the tenth of September, 1922, he, representing Henry Meyer in the matter, called on Egan of the defendant company, at the latter's office in the Insurance Exchange Building and discussed, with Egan, Meyer's claim against Nardi; that upon calling Egan's attention to the matter, Egan obtained a file which he had concerning the case; that Egan said he was the claim agent of the defendant insurance company, and that they talked about the case; that the name of the defendant insurance company was on the door of the office. A part of this conversation was stricken out upon objection, but we think all of it should have been admitted. While it is true the agency of a person is not provable by his mere uncorroborated statement, as a general proposition, yet in the instant case when all the surrounding circumstances are considered, we think it was admissible. Here the name of the company was on the door tending to show that it conducted its business in that suite of offices. Egan who was in charge of the office discussed the matter with the attorney and it is clear that Egan knew such a matter was pending in the office; that he also knew where the files were relating to the matter because he obtained those files and discussed the case with the attorney. Those facts independent of Egan's declaration that he was the claim agent of the insurance company tend to establish the agency and with those facts shown by the evidence, then the declaration of Egan's became a part of the transaction and was admissible. *Whiteside v. Margarel,* 51 Ill. 507; *Maxey v. Heckethorn,* 44 Ill. 437; *Proctor v. Tows,* 115 Ill. 138. In the *Whiteside* case the court said (p. 508): "An agency cannot be proven by the mere statements of

the alleged agent.'' And in the *Maxey* case, *supra,* it was held that a party' claiming to be an agent of another in a particular transaction could not establish such agency by his own uncorroborated testimony. In the *Proctor* case, *supra,* the court, said (p. 138) : ''An agency cannot be proved by the mere declaration of * * * an agent, where the fact of agency is in issue.'' The language in each of these cases we think tends to support the proposition that the declaration of an alleged agent is admissible where sufficient other facts are adduced. We think all that was said or done at the time the attorney called on Egan should have been admitted, as it tended to show that Egan was representing the company and that the company knew of the accident. We are also of the opinion that the evidence tending to show that Meyer and Nardi had said to Reidy and what was done by Reidy was competent evidence on the question of notice to the company. *Boston Store of Chicago v. Hartford Accident & Indemnity Co.,* 227 Ill. App. 192.

Of course, plaintiff could not recover under the policy unless the conditions of the policy were complied with. The policy requires that notice in writing be given to the company of any accident and of any suit, and that in case suit be brought to recover on account of any injuries sustained against the assured, the summons be forwarded by the assured to the home office of the defendant company at Cedar Rapids, Iowa. While the policy thus provided, such provision might be waived and the evidence tends to show that such was the fact in the instant case, and while the facts were not very fully brought out as to what was said and done at the time Egan was seen by Nardi and at the time he was seen by Barnhardt, yet we think the court should not have directed a verdict.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

TAYLOR, J., concurs.

MR. PRESIDING JUSTICE THOMSON specially concurring: I concur in the decision reached in this case, but I am unable to agree with all that is said in the foregoing opinion. While it was competent for the plaintiff to show that somebody representing him went to an office in the Insurance Exchange Building, on the door of which appeared the name of the defendant company, and there talked with one Egan, with whom he discussed the plaintiff's claim, and that when he informed Egan that he represented the plaintiff, who had been injured by an automobile belonging to Nardi, who was understood to have a policy issued by the defendant company, and that as a result of the injuries received by the plaintiff he purported to have a claim against the defendant company, under the provisions of this policy, Egan produced a file covering this case and discussed the claim with the representatives of the plaintiff, in my opinion it was not competent for such representative to testify that Egan said he was the claim agent of the defendant company. The fact that one is the agent of another, whether that other be an individual or a corporation, or the nature or extent of his agency, cannot be established by anything such agent may have said. *Somers v. Pacific Fire Ins. Co.*, 222 Ill. App. 196; *Merchants' Nat. Bank of Peoria v. Nichols & Shepard Co.*, 223 Ill. 41. In the latter case our Supreme Court stated that the agency may not be established by showing either what the alleged agent said or what he did, and further: "The source of authority is the principal, and the power of the agent can only be proved by tracing it to that source in some word or act of the alleged principal." In my opinion the rule thus laid down by our Supreme Court is not violated by testimony sought to be submitted by the plaintiff in the case at bar, to the effect that when his representative called at the office of the defendant company and talked with Egan, the latter produced a file covering this plaintiff's claim.

438    APPELLATE COURTS OF ILLINOIS.

Hankel Prtg. Co. v. Ill. Mfrs. Casualty Assn., 240 Ill. App. 438.

The significance of that testimony does not depend upon the proposition that it was the man Egan who produced the file, but that the plaintiff's representative went to what purported to be the Chicago office of the defendant company—an office in the Insurance Exchange Building having the name of the defendant company on the door, and there talked with someone who produced from the records in the office, a file covering the claim here sued upon. That, it seems to me, was competent evidence on the question of notice, but what such person may have said on the question of his being an agent of the defendant company, it seems to me, was not competent.