Day, J.
 

 Was the Court of Appeals right in reversing the common pleas court for refusing Lind the opportunity to explain the judgment recovered in the original action against Mersich as to the amount claimed and attempted to be proved for injury to the automobile?
 

 We think the Court of Appeals did not err in that respect; that Lind’s attempt was not to collaterally attack such judgment, nor to impeach it, but that he had a right to explain such judgment, and that it was competent to offer extrinsic evidence not inconsistent with the record, and not impugning its verity, for the purpose of identifying the points or questions litigated and decided in the former action, and to show that certain questions were passed upon. 34 Corpus Juris, 1073;
 
 Corkran, Hill & Co., Inc.,
 
 v.
 
 Fruman,
 
 144 Md., 257, 124 A., 878;
 
 Boston & Maine Rd.
 
 v.
 
 T. Stuart & Son Co.,
 
 236 Mass., 98, 127 N. E., 532; 2 Freeman on Judgments (5th Ed.), Section 765.
 

 Further, the Court of Appeals was of opinion that Lind should have been permitted to recover in any event, provided he had proved other essentials, the amount of $830, less the $190 claimed in his original petition for damages to personal property, even though he was not able to show any lesser amount of damage allowed for personal property in the original trial. The $190 was the limit of his recovery as to property damage. So that, in so far as the
 
 *504
 
 views of the common pleas court upon the nature of the judgment in the original action being a bar to recovery in the action against the insurance company, under the statute, wte think the conclusion of the Court of Appeals was entirely right.
 

 As to the question of waiver, the trial court and the Court of Appeals seem to have given no consideration to that feature of the case, as the verdict was directed upon other grounds. However, the question was briefed and argued in this court. It is claimed on behalf of Lind that “C. R. Taylor was not a mere soliciting agent. He wrote the policy and delivered it. He also was required to collect the yearly premium in three installments for the company. He received and' forwarded notice of the accident to the home office of the company. He investigated the accident for the company and made his reports as to his findings. It is admitted that the home office received notice of the accident and acted on tins notice. The company afterwards had their representative make a further investigation, including an interview with Mersich.” This presentation of the facts as disclosed by the record does not seem to be controverted by the plaintiff in error.
 

 Among other things, the policy provided (1) as to notice of the accident, and (2) as to the notice of the suit against the assured.
 

 The question arises upon a motion for a directed verdict at the close of the plaintiff’s case. Did the evidence tend to show any waiver of these provisions by the insurance company?
 

 As to the first provision, it is admitted by counsel that notice of the accident was received by the company through Taylor, the agent, who had been
 
 *505
 
 notified by Mersich, the assured. We think it clearly appears that the company acted upon the notice given by Taylor, the soliciting agent, as to the happening of the accident, and thereby waived that provision of the policy with reference to the assured giving “the association written notice immediately following the accident causing such injury or damage to property.” But as to the further condition that the assured “shall thereafter give like notice of any claim or suit for damages, forwarding immediately to the association every notice, summons or process as soon as the same shall have been served,” the insurance company denies any waiver in that regard, and denies the sufficiency of the notice as given.
 

 It is to be noted that the assured ‘ ‘ shall thereafter give
 
 Hice
 
 notice.” This he undoubtedly did, for he took the same steps with reference to notice of suit that he had taken with reference to notice of the accident. When he took the summons given him by the sheriff in the Lind suit to Taylor, the agent, and “showed him the paper,” Taylor said “that I didn’t have to worry about it, the insurance will take care of it,” and “he will write to the company and notify them,” — upon all of which Mersich claims to have relied. Afterwards Mersich gave the summons to his personal lawyer, Clark; Taylor the agent not having instructed him otherwise.
 

 Now the assured had given to the company notice of the accident by giving said notice to Taylor, the agent, which the company acted upon and investigated the accident, and the record shows, as above stated, that at the trial counsel for the insurance
 
 *506
 
 company admitted receiving such notice, thus waiving the provisions of the policy in that regard.
 

 Was the assured justified in relying upon the same procedure by again going to Taylor when he received the summons in the suit against him by Lind; and by so doing did he believe he would secure action from the company, as he had done as to the provision as to notice of the accident, and thereby effect a compliance with the provisions of the policy in that regard?
 

 In other words, the evidence showing that the company had waived the provision as to the notice of the accident, by accepting the notice to Taylor, the agent, as a compliance with the policy, wias Mersich led to believe that, if he gave
 
 “like notice
 
 * # * of suit for damages,” by again notifying Taylor, and showing him the summons, he was meeting the company’s requirements? Was there evidence from all the attending circumstances tending to show a waiver by the company of the provision with reference to summons? If so, it was a question for the jury, under proper instructions.
 

 In
 
 Hickman
 
 v.
 
 Ohio State Life Ins. Co.,
 
 92 Ohio St., 87, 110 N. E., 542, in a suit upon a policy exempting the insurer from liability for injury resulting from exposure to obvious risk of injury or danger, where there was no substantial conflict of the testimony of the witnesses on the trial, but the unconflicting testimony disclosing a variety of circumstances from which different minds might reasonably arrive at different conclusions, it was held to be the duty of the court to submit the determination of that issue to the jury. In
 
 Employers’ Liability Assurance Corp.
 
 v.
 
 Roehm,
 
 99 Ohio St., 343, 124 N. E.,
 
 *507
 
 223, 7 A. L. R., 182, which was an action upon an indemnity policy, presenting the question whether the assured had complied with a requirement as to giving notice to the company within thirty days from the date of sustaining an injury, “unless such notice may be shown not to have been reasonably possible,” where the thirty days had expired before the insured realized the serious consequences of the aceident, and thereafter he gave notice to the company, this court held that the question whether such notice w]as given within a reasonable time was not a matter of law but a question for determination by a jury.
 

 The same principle was recognized in
 
 Heller
 
 v.
 
 Standard Accident Ins. Co.,
 
 118 Ohio St., 237, 160 N. E., 707, where the issue was whether the assured had exercised due diligence in complying with the policy condition as to “forward to the company every summons or other process served on him.” It is said in the opinion in that case, at page 243 of 118 Ohio State, 160 N. E., 707, 709: “When it is developed, as in this case, that the assured seeks to exonerate himself by a justifiable excuse for failing to give such notice, a case is developed where the determination of such a claim becomes a question of fact, rather than of law, and is triable to a jury”— citing
 
 Employers’ Liability Assurance Corp.
 
 v.
 
 Roehm, supra.
 

 In the
 
 Heller case
 
 a jury had been waived and the matter was tried
 
 to
 
 the court; but it is apparent that the matter was passed upon, by the court sitting in the place of a jury, as a question of fact rather than one of law as to whether or not the assured had used due diligence under all the attendant circumstances. At the close of the opinion in the
 
 Heller case
 
 it is
 
 *508
 
 said:
 
 “A
 
 jury having been waived, the issue of due diligence must have been found by the court in favor of the defendant below, and we cannot say there was error on the part of the trial court in so finding. ’ ’
 

 That waiver of conditions in a policy is generally a question for the jury is recognized in many other states.
 
 Lee
 
 v.
 
 Casualty Co. of America,
 
 90 Conn., 202, 96 A., 952;
 
 Meyer
 
 v.
 
 Iowa Mutual Liability Ins. Co.,
 
 240 Ill. App., 431;
 
 Ramat
 
 v.
 
 California Ins. Co.,
 
 95 Wash., 571, 164 P., 219;
 
 Marcus
 
 v.
 
 Manufacturers’ Liability Ins. Co.,
 
 96 N. J. Law, 531, 115 A., 373;
 
 Smith
 
 v.
 
 Farm Property Mutual Ins. Assn. of Iowa,
 
 199 Iowa, 693, 202 N. W., 508;
 
 Columbia Casualty Co.
 
 v.
 
 Ingram,
 
 154 Md., 360, 140 A., 601;
 
 Pringle
 
 v.
 
 Ætna Life Ins. Co.,
 
 123 Mo. App., 710, 101 S. W., 130.
 

 We think in the present instance, where the evidence shows the insurer treated the acts of the assured as a performance of the condition of the policy as to notice at the time of the happening of the accident, by accepting and acting under the notice served on its agent, Taylor, that permitting such action by the agent Taylor as to notice of accident was inviting such action as to summons and process; that a reasonable inference might arise that the condition as to notice of suit, summons, and process was also waived. Whether such course of conduct by the company tends to show a waiver of the condition as to sending summons or other process when the assured pursued the same course as to notice of suit, process, etc., as he did as to the notice of accident, presents a question to be submitted to the jury, under proper instructions, in the light of
 
 Hickman
 
 v.
 
 Insurance Co., Employers’ Liability Assurance Corp
 
 v.
 
 Roehm,
 
 
 *509
 
 and
 
 Heller
 
 v.
 
 Standard Accident Ins. Co., supra.
 
 As is said in
 
 Marcus
 
 v.
 
 Manufacturers’ Liability Ins. Co., supra:
 
 “It was the function of the court to determine whether there was any evidence in the case from which a waiver may be found. It was the function of the jury to determine, from all the evidence and legitimate inferences to be drawn therefrom, whether there had been a waiver. ” See, also,
 
 Reilly
 
 v.
 
 Linden,
 
 151 Minn., 1, 186 N. W., 121.
 

 Entertaining these views, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Matthias and Allen, JJ., concur.