Matthias, J.
The sole question presented by this appeal is whether the evidence introduced by plaintiff as to the negligence of defendant’s driver was sufficient to withstand a motion for a directed verdict made at the conclusion of plaintiff’s case.
The principles relating to directed verdicts are well settled. The primary test is whether, after construing the evidence most strongly in favor of the party against whom the motion is made, reasonable minds can come to but one conclusion and that conclusion is adverse to such party. Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, paragraph three of the syllabus. It is equally well settled that on such a motion the trial court must make all reasonable inferences that can be drawn from the evidence in favor of the nonmoving party. Martin v. Heintz, 126 Ohio St., 227, paragraph three of the syllabus.
It should be pointed out here that it is not necessary that every element of plaintiff’s case be supported by direct proof in order to avoid a directed verdict. It is sufficient if there is evidence upon which a reasonable inference may be predicated to support each such element. Industrial Commission v. Schick, 125 Ohio St., 419, 421; State Automobile Mutual Ins. Assn. v. Lind, 122 Ohio St., 500.
We must, therefore, determine whether, from the evidence introduced, reasonable minds could conclude that the driver of the tractor-trailer was negligent in attempting to turn in front of plaintiff’s oncoming car.
In the instant case, there is evidence that plaintiff was traveling at a lawful rate of speed, 25 to 35 miles per hour in a 35-mile-per-hour zone. The evidence shows also that defendant’s driver had started to turn across plaintiff’s side of the road into the private driveway. The point of impact was on plaintiff’s side of the road, seven feet north of the double yel *345 low center line and 15 feet south of the north curb line and the entrance of the driveway. The right front of plaintiff’s automobile struck the middle of the right side of the tractor-trailer. Since the tractor-trailer was approximately 29% feet long, at the time of impact it would have substantially blocked both lanes of traffic on plaintiff’s side of the road.
If the collision had occurred after the right of way statute had been amended (130 Ohio Laws, H. 14, 1963) the answer would be clear. Section 4511.42, Revised Code, now requires any motorist intending to turn left to yield the right of way to any vehicle approaching from the opposite direction. At the time in question, it only applied to vehicles within an intersection. It was, therefore, not applicable to a motorist, like defendant, who attempted to turn into a private driveway.
However, Sections 4511.20 and 4511.39, Revised Code, did apply to the defendant.
Section 4511.20, Revised Code, provides:
“No person shall operate a vehicle * * * without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles * * * so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways.”
This section imposes a duty on a motorist to operate his vehicle in the same manner as would a reasonably prudent person under similar circumstances. State v. Martin, 164 Ohio St., 54, paragraph one of the syllabus.
A reasonably prudent person would realize that a left turn in the middle of the block involves an unreasonable risk to vehicles approaching from the opposite direction unless such vehicles are far enough away that, assuming they are proceeding in a lawful manner, the turn may be completed in safety.
A left turn into a private driveway is even more dangerous than one made at an intersection. A driver might expect that left turns will be made at intersections. It would be an undue burden, however, for one proceeding on a public highway to guard against such turns into every driveway entering the highway.
Section 4511.39, Revised Code, requires that “no person shall turn a vehicle * * * from a direct course upon a highway *346 until such person has exercised due care to ascertain that the movement can be made with reasonable safety to other users of the highway * *
This section requires a person intending to make a left turn to exercise due care to ascertain whether it can be made with reasonable safety, before he attempts it. It is obvious that such a turn cannot be made with reasonable safety until vehicles, approaching from the opposite direction and which are close enough to involve an unreasonable risk of collision, are permitted to pass.
Section 4511.39, Revised Code, as applied to similar facts, was before this court in Van Jura, a Minor, v. Row, 175 Ohio St., 41. There, the defendant was waiting to make a left turn into a private driveway. A truck, approaching from the opposite direction in the lane nearest the center line, stopped, and its driver motioned for defendant to proceed in front of his vehicle. Defendant did so, although, because the truck blocked his view, he could not see what vehicles if any were in the curb lane. Defendant collided with a vehicle proceeding in the curb lane and in which plaintiff was a passenger. The court held, in paragraph two of the syllabus, that a motorist who “attempts to complete his left turn without exercising due care, and collides with another having a lawful right to proceed, is guilty of negligence as a matter of law.”
The fact that in this case defendant’s tractor-trailer was struck by, instead of striking, the vehicle in which plaintiff was a passenger is immaterial. It is just as negligent to pull into the immediate path of a vehicle as to run into a vehicle.
The rule of conduct expressed by Sections 4511.20 and 4511.39, Revised Code, with regard to a motorist intending to turn left into a private driveway, is substantially the same as the duty now imposed by Section 4511.42, Revised Code, the right-of-way-when-turning-left statute.
Giving the required favorable construction to the evidence submitted by the plaintiff, it is impossible to say that reasonable minds could come to but one conclusion and that is that defendant was free from negligence. At this point of the proceedings, the issue of defendant’s negligence was a jury ques *347 tion, and the trial court, therefore, erred in sustaining the motion for a directed verdict.
The judgment of the Court of Appeals is reversed, and the cause is remanded to the Common Pleas Court for a new trial.

Judgments reversed.

Taft,- C. J., Zimmerman, Griffith, Herbert and Gibson, JJ., concur.
O’Neill, J., dissents.