W. H. BLANTON and Liberty Federal
Savings & Loan Association,
Appellants,

v.

NORTHWESTERN NATIONAL INSUR-
ANCE COMPANY OF MILWAUKEE,
WISCONSIN, and Seaboard Fire & Ma-
rine Insurance Co., Appellees.

No. 18962.

United States Court of Appeals
Ninth Circuit.

Aug. 19, 1964.

**966**

George Sorenson, Jr., Joe W. Contreras, Minne & Sorenson, Phoenix, Ariz., for appellants.

Calvin H. Udall, Daniel T. Bergin, Phoenix, Ariz., Clausen, Hirsh, Miller & Gorman, Chicago, Ill., Fennemore, Craig, Allen & McClennen, Phoenix, Ariz., for appellees.

Before JERTBERG and DUNIWAY, Circuit Judges, and JAMESON, District Judge.

JERTBERG, Circuit Judge:

Before us in this diversity suit is an appeal from a judgment of the United States District Court for the District of Arizona, denying recovery by appellants under insurance policies issued by the appellees in the State of Ohio on real and personal property located in that state.

No question is raised by the parties on this appeal respecting the jurisdiction of the District Court to hear and determine the cause which was tried to the court sitting without a jury.

In this appeal we shall hereafter refer to appellant W. H. Blanton as "Blanton", appellant Liberty Federal Savings & Loan Association as "Liberty Federal", appellee Northwestern National Insurance Company of Milwaukee, Wisconsin as "Northwestern" and appellee Seaboard Fire & Marine Insurance Co., as "Seaboard".

The record reveals that the real and personal property covered by said policies was completely destroyed by fire which occurred on June 23, 1960, on which date two policies of fire insurance issued to Blanton were in full force and effect, and were in full conformity with the laws of the State of Ohio. One policy was issued by Seaboard, whereby it agreed to indemnify Blanton against loss by fire to the real property described therein. Attached to and forming a part of said policy was a standard mortgage clause insuring the interest of Liberty Federal as Blanton's mortgagee. The other policy was issued by Northwestern to Blanton whereby it agreed to indemnify Blanton for loss by fire to the contents of the building described in the insurance policy issued by Seaboard.

Each of the policies was in the form prescribed by the Commissioner of Insurance of the State of Ohio, and provided, *inter alia*:

"* * * within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss * * *.

\* \* \* \* \* \*

"If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit. * * *

\* \* \* \* \* \*

"* * * this insurance as to the interest of the mortgagee * * * only therein, shall not be invalidated by any act or neglect of the mortgagor or owner * * *.

\* \* \* \* \* \*

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or

equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

Blanton did not file a proof of loss, after the loss, as required by the policy of insurance, nor at all. Liberty Federal was not notified by Blanton or Seaboard that Blanton had failed to file such proof of loss.

Blanton's action against Northwestern and Seaboard was commenced on November 20, 1961, a date more than sixteen months next after the inception of the loss. The complaint in intervention of Liberty Federal was not filed until June 20, 1962, a date more than twenty-three months next after the inception of the loss.

Blanton at all relevant times had possession of the policy of insurance issued by Northwestern and had knowledge of its contents. Liberty Federal at all times relevant had possession of the policy of insurance issued by Seaboard and had knowledge of its contents.

The District Court in its findings of fact found:

"On or about July 19, 1960, less than thirty days after the date of loss, Blanton's wife, acting on behalf of Blanton, had a conversation in Ohio with the agent of Northwestern and Seaboard who issued the policies, at which time she was advised that the fire of June 23, 1960, was under investigation by the State Fire Marshal; that nothing could be done with respect to Blanton's claim until the investigation was completed, and that she would be notified if anything further need be done to perfect Blanton's claim. Blanton's wife, who was then residing in Arizona and was in Ohio for a visit with her husband who was incarcerated in a penal institution in that state, left her Arizona address with the agent who had issued the policies and requested that she be notified if anything further needed

to be done. Blanton's wife never received any further information from said agent. Except for said conversation had on or about July 19, 1960, neither Blanton nor any other person on his behalf ever made, or attempted to make, contact with either Northwestern or Seaboard, or their agent, until more than twelve months next after the inception of the loss.

"Liberty Federal, acting through its agent, was assured by the representative of Northwestern and Seaboard that its claim, under Seaboard's policy, was secure and that it was obligatory that Seaboard pay it for Blanton's loss. At no time did Liberty Federal make a claim for payment or receive promise of payment after October, 1960."

Included under the amended Conclusions of Law of the District Court, appear the following:

"The statement of Defendants' agent to Plaintiff's wife, less than 30 days after the date of loss, that the fire was being investigated by the State Fire Marshal, that nothing could be done with respect to Plaintiff's claim until the investigation was completed, and that notice would be sent to the insured if anything further need be done, did not effect a waiver of defendants' policies' limitation provisions.",

and

"The assurance given Intervenor prior to November, 1960, that its claim under Seaboard's insurance policy would be paid, did not effect a waiver of the limitations clause contained in that Company's policy or excuse Intervenor's noncompliance therewith."

Among its Conclusions of Law the District Court found:

"The substantive law of Ohio is determinative of the rights and liabilities of the parties.

"The provisions of Defendants' policies that no suit or action shall be

**968**

sustainable unless commenced within 12 months next after the inception of the loss were valid and binding upon Plaintiff.

"The provisions of Defendant SEABOARD's policy that no suit or action shall be sustainable unless commenced within 12 months next after the inception of the loss were valid and binding upon Intervenor. The provisions of the standard mortgage clause that provided that the 'mortgagee's interest shall not be invalidated by any act or neglect of the mortgagor', did not render the limitation provision of the Defendant SEABOARD's policy inapplicable to the Intervenor."

The complaint of Blanton contains two causes of action. The first cause of action is against Northwestern. This cause of action alleges the issuance of the insurance policy insuring the property of Blanton; that the property was destroyed by fire which occurred about the 23rd day of June, 1960; that the reasonable value of said property at the time of loss exceeded $2500.00; that demand had been made upon Northwestern to furnish Blanton with papers or forms necessary to comply with the requirements of the policy in case of loss but that such demands had been refused; and that Northwestern had refused to pay, after demand therefor.

The second cause of action is against Seaboard and in similar form to the first cause of action.

Liberty Federal's complaint in intervention against Seaboard is in form similar to the second cause of action set forth in Blanton's complaint except that there is added thereto allegations of ownership by Liberty Federal of the unpaid promissory note secured by realty mortgage on the premises described in the policy of insurance issued by Seaboard.

Neither complaint alleges any facts from which the inference can be drawn that the failure to file suit within twelve months after the occurrence of the loss was in any way caused by any act, representation or conduct on the part of the insurance companies.

■ We are not concerned on this appeal with respect to those provisions of the policies which require the rendition to the insurance companies of proofs of loss within specified periods. The District Court made no findings of fact or conclusions of law in respect to waiver by the insurance companies of such provisions. In this connection the District Court stated in its memorandum opinion as follows:

"In view of the Court's determination that there was no waiver of the twelve months limitation for the commencement of a suit or action, it is not deemed necessary to determine whether the defendants waived the provision in regard to submitting proof of loss within the time specified in the policies of insurance."

We believe that this statement of the court is correct since a waiver of the requirement of filing proofs of loss does not per se waive the contractual requirement that a suit or action must be filed within a specified period. See Bartley v. National Business Men's Association, 109 Ohio St. 585, 143 N.E. 386.

The parties are in agreement that the substantive rights of the parties under the contracts of insurance are to be determined in accordance with the laws of the State of Ohio.

■ The parties do not question the fact that under the laws of the State of Ohio the parties to the contract of insurance may by a provision inserted in the policy, lawfully limit the time within which suit may be brought thereon, provided the period of limitation fixed is not unreasonable, and that such limitation, unless waived, will be enforced in accordance with the plain meaning of its terms. Appel v. Cooper Insurance Co., 76 Ohio St. 52, 80 N.E. 955, 10 L.R.A.,N.S., 674. See also: Metz v. Buckeye Union Fire Insurance Co., 104 Ohio App. 93, 147 N.E.2d 119 (1957); Reynolds v. Detroit Fidelity & Surety Co., 19 F.2d 110 (6th Cir. 1927).

■ It appears to be the law of the State of Ohio that the burden of proving the waiver of a policy limitation rests upon the one asserting the waiver, State Automobile Mutual Insurance Ass'n v. Lind, 122 Ohio St. 500, 172 N.E. 361 (1930); Reynolds v. Detroit Fidelity & Surety Co., supra, and that unless the facts are undisputed and no conflicting inferences may be drawn therefrom, the question of whether a waiver of a limitation has occurred is a question of fact to be resolved by the jury, or by the judge sitting without a jury. State Automobile Mutual Insurance Ass'n v. Lind, supra; see also, Madison v. Caledonian-American Ins. Co., 43 N.E.2d 245 (Ohio 1940).

Appellant, Liberty Federal, contends on this appeal:

1. That Liberty Federal is not bound by the provisions contained in Seaboard's policy relating to the time of bringing suit because of the failure of Seaboard to notify it of Blanton's failure to render a proof of loss, and that the District Court erred as a matter of law in concluding that Liberty Federal was bound by the provision of the policy requiring that suit be brought within twelve months after the occurrence of the loss; and

2. That by the conduct and statements of the representatives of Seaboard, Seaboard is estopped from denying that it had waived the time limitation contained in the policy for commencing suit, and that the District Court erred as a matter of law in concluding that such acts and conduct did not constitute a waiver of such limitation provision.

■■ Liberty Federal has cited no authority in support of its first contention. To the contrary the District Court stated:

"[t]hat a reasonable construction of the provisions contained in the Seaboard policy requires that the limitation provision in regard to commencing suit or action be applicable to the mortgagee (intervenor) the same as to plaintiff. Guarantee Trust & Safe [Deposit] Co. of Shamokin v. Home Mut. Fire Ins. Co., [180 Pa.Super. 1], 117 A.2d 824 (Pa.Super. 1955).

"That provision in the policy which provides the mortgagee's interest 'shall not be invalidated by any act or neglect of the mortgagor' does not dispense with this time limitation. Southern Home Building & Loan Ass'n. v. Home Ins. Co., [94 Ga. 167], 21 S.E. 375 (Ga. 1894).''"

The views of the District Court find full support in Howe v. Mill Owner's Mutual Fire Ins. Co., 241 App.Div. 336, 271 N.Y.S. 639, and Miners Savings Bank of Pittston v. Merchants Fire Ins. Co., 131 Pa.Super. 21, 198 A. 495 (1938).

■ In respect to Liberty Federal's second contention, suffice it to say that the testimony before the District Court, furnished by Mr. Fuller, its secretary-treasurer and managing officer, discloses ample evidence from which the District Court could properly infer that Liberty Federal's failure to commence suit within the period fixed by the limitation provision in the policy resulted not from any reliance on the acts or conduct of the representative of Seaboard, but rather from reliance on the advice given to it by its own counsel. As stated by the District Court in its memorandum opinion:

"After becoming concerned about payment Mr. Fuller discussed the matter with the board of directors of his association and the association's attorney but no action was taken nor demand made for payment until the company intervened in this action. It is inconceivable that an association experienced in insurance matters, such as intervenor, would sit idly by until the time for instituting suit expired. The evidence indicates that there might have been some reasonable excuse for not doing anything until October, 1960, but thereafter there was none."

Appellant, Blanton, contends on this appeal that by the conduct and state-

ments of the representatives of the insurance companies to him and his agent, the insurance companies are estopped from denying that the insurance companies had waived the time limitation contained in the policies for commencing suit, and that the District Court erred as a matter of law in concluding that such acts and conduct did not constitute a waiver of such limitation provisions.

We are unable to agree that the District Court erred, either as a matter of fact or as a matter of law in not concluding that the conduct and statements of the representatives of the insurance companies constituted a waiver by estoppel of the time limitation provisions. It is to be noted that the only conversation had by Blanton's wife with the representative of the insurance company occurred on July 19, 1960. Then followed a period of almost eleven months during the time limitation provision in which there was complete inactivity on the part of Blanton. The District Court found as a fact that the acts and statements of the representatives of the insurance company did not effect a waiver of the time limitation provisions. Appellants' counsel, with commendable candor states in his brief that "there is no substantial dispute in the evidence and legal candor compels counsel to state that the findings of fact adopted by the District Court below are supported by the evidence." The rule is well established that this court must accept the findings of fact of the District Court if supported by substantial evidence, unless influenced by an erroneous view of the law. Wilson v. New York Life Ins. Co., 250 F.2d 649 (8th Cir. 1958). Even assuming that the acts and statements of the representatives of the insurance companies present only a question of law, we are satisfied that under the law of the State of Ohio such acts and statements do not constitute, as a matter of law, a waiver by estoppel of the time limitation provisions. While the courts of Ohio recognize that there may be a waiver by estoppel of the time limitation for commencing suit, Metz v. Buckeye Union Fire Insurance Co., supra, however, as stated in 30 Ohio Jur.2d, Insurance § 967, p. 882:

" * * * In order, however, for the insurance company to waive a limitation clause in its contract of insurance, *it must perform some act which in and of itself prevents the plaintiff from seeking his remedy in the courts;* mere conversation, negotiation, or discussion is not sufficient unless it amounts in its entirety to turning the plaintiff from his course and misleading him to the extent that it results in his inaction until the expiration of the limitation period. * * *

" * * * Accordingly, it has been held that there is no waiver of a fire insurance policy one-year limitation through the conduct of an alleged agent relating to the subject of proof of loss only, in the absence of evidence of any promise, express or implied, that the loss would be paid, or *of any intention to mislead the plaintiff as to his bringing suit,* or to justify his belief that a waiver was intended. Nor does waiver of formal proofs of loss affect the limitation clause of the policy * * * ". (Emphasis added.)

In the Ohio case of Continental Ins. Co. of City of New York v. Fire Association, 152 F.2d 239 (6th Cir. 1945), at page 240, the Court held that negotiations in an endeavor to arrive at an amicable disposition of a controversy over payment of a fire insurance policy did not constitute waiver nor estoppel. In affirming a judgment of dismissal the Court said:

" * * * It is noteworthy that there are in the complaint no allegations of promises to pay, concealment, bad faith, fraud, misrepresentation or other facts which might be construed as an attempt to mislead plaintiff's assignor or to lull it into a sense of security, or into the belief that payment of any amount would be made by defendant. There is no allegation, direct or inferential, *of intention by plaintiff's as-*

*signor to commence suit within the period limited by the policy and of its being turned from that course of action by misleading acts or promises by the defendant.* No facts are alleged from which an inference might be drawn that the postponement of suit was at the express or implied request of the defendant, or that there was an intentional delay in adjustment until after the limitation period provided in the policy had passed. * * * " (Emphasis added.)

The fact that Blanton was incarcerated in the Ohio State Penitentiary from June 13, 1960 until July 6, 1961, has no bearing upon the questions presented on this appeal. See Holly v. London Assurance Corporation, 170 N.C. 4, 86 S.E. 694 (N.C.1915). See also: Gill v. Manhattan Life Insurance Co., 11 Ariz. 232, 95 P. 89.

The judgment entered by the District Court is affirmed.