MICHAEL JAMES O'BOYLE, Plaintiff-Appellee, *v.* GRECO EXCAVATING COMPANY, Defendant-Appellant—(GRECO EXCAVATING COMPANY, Third-Party Plaintiff-Appellant, *v.* SPENCER, WHITE AND PRENTIS, INCORPORATED, Third-Party Defendant-Appellee.)

(No. 54166;

First District—December 7, 1972.

*Rehearing denied February 1, 1973.*

Doyle, Berdelle and Tarpey, of Chicago, (Leo M. Tarpey, Jr., of counsel,) for appellant.

John G. Phillips, of Chicago, (Sidney Z. Karasik, of counsel,) for appellee Michael J. O'Boyle.

Howard and French, of Chicago, (Richard G. French and Stuart N. Litwin, of counsel,) for appellee Spencer, White and Prentis, Inc.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this action against defendant, Greco Excavating Company, hereinafter referred to as Greco, to recover damages for personal injuries sustained in a construction accident. The basis of plaintiff's suit was Greco's alleged violation of the Structural Work Act. (Ill. Rev. Stat. 1967, ch. 48, par. 60, 69.) Greco in turn filed a third-party complaint against plaintiff's employer, Spencer, White and Prentis, hereinafter referred to as Spencer, seeking indemnity should Greco be held liable. Both causes were tried simultaneously. The jury returned a verdict for plaintiff and against Greco for $115,000 in the principal action, and for Spencer and against Greco in the third-party action. The trial court entered judgments on the verdict, and from these judgments Greco appeals.

On appeal Greco contends that: (1) the trial court committed reversible error by its exclusion of certain evidence offered by Greco; (2) the trial court erred in the giving of a certain instruction to the jury; (3) the trial court improperly refused to permit Greco to impeach a certain

witness; (4) certain remarks of plaintiff's counsel during closing argument improperly prejudiced Greco; and, (5) the verdict of the jury for plaintiff was based upon the admission of improper evidence and was excessive.

Plaintiff, in his complaint, alleged in substance that on September 16, 1963, Greco, an excavating firm, along with other contractors, was engaged in construction of the Civic Center in the City of Chicago; that at the time Greco was using a crane to hoist objects; that Greco violated certain provisions of the Structural Work Act; and that as a result, plaintiff was injured. Greco in its answer admitted that it was in the excavating and construction business. It also admitted that its crane was being used at the time and place alleged, but denied all the other matters contained in Paragraph 2 of the complaint, and denied that it violated the Structural Work Act. In its third-party complaint against Spencer, Greco alleged that plaintiff was employed by Spencer; that just prior to the accident Spencer had requested the use of Greco's crane; that Greco allowed Spencer to use its crane and crane operator; that plaintiff was injured while the crane was under the direction and control of Spencer; that if plaintiff recovered from Greco it would be through the misconduct of Spencer, and Greco thereby sought indemnity from Spencer.

On the day of the occurrence, plaintiff was employed as a carpenter by Spencer, the pile driver subcontractor on the construction of the Civic Center. A crane owned by Greco and operated by one of its employees was used to move a pile of lumber which was located atop some steel I-beams which Spencer wished to use. When the crane started to move the lumber, the I-beam on which plaintiff was walking tilted, plaintiff fell off and the beam was pulled on to his leg. Plaintiff sustained a severe compound fracture of the tibia and a fracture of the fibula, both of the left leg. At trial the following evidence pertinent to the occurrence was introduced before the jury.

Vernon Thomas, the crane operator employed by Greco, testified for the plaintiff that on the day in question he had been operating the crane with a clam bucket attached as a piece of excavating equipment under the direction of the general contractor. Someone approached Thomas and requested the use of the crane to remove lumber. The clam bucket was removed from the crane and a cable was attached to the lumber. Thomas testified further that the lumber was about twenty feet beyond the end of the boom of the crane and that the lifting operation would necessitate dragging the lumber to a point under the boom before the lift could be made. Thomas stated that it would have been a safer practice to position the crane so that the boom extended over the lumber, but

that this was impossible. Thomas also testified that he started to make the lift but stopped when he saw someone frantically signalling him to stop. He then saw plaintiff pinned against a welding machine. The plaintiff had not been visible to Thomas during the crane operation.

Plaintiff testified that as a carpenter for Spencer it was his job to make wooden frames into which the piles would be driven. On the day in question, he had hooked up the pile of lumber to the crane and was walking away when the beam on which he was walking moved and he fell.

Eugene Wright, also an employee of Spencer's, who had testified for plaintiff as to the injuries incurred, was called by Greco to testify as to the occurrence. Wright testified that he had not seen his foreman at the time of the accident and that he did not see his foreman give a signal to the crane operator.

Patrick Concannon, another carpenter employed by Spencer, testified for Greco that he was present at the time of the occurrence. On direct examination, Concannon testified that he saw his foreman giving signals to the crane operator. On cross-examination, he was not sure that his foreman had in fact given signals, but rather that his foreman usually would act as signal-man.

Mario Greco testified that he was employed as an oiler by Greco at the jobsite on the day in question. Thomas and he were the only Greco employees on the job. His duties were to keep the crane cleaned and lubricated and to perform any other duties assigned to him by Vernon Thomas, the crane operator. Mario Greco also testified that someone asked the crane operator to lift the lumber, and that the same person acted as signal-man during the operation.

Greco initially contends on appeal that certain evidentiary rulings made by the trial judge prevented it from presenting a defense or proof in support of its third-party complaint. At trial, Greco attempted to show that it was not "in charge" of the crane and crane operator at the time of the accident. In support of that contention, Greco tried to present two theories: (1) the crane and crane operator were leased to another contractor on an hourly basis during the construction of the Civic Center; (2) that, in the alternative, the crane and crane operator were under the control of Spencer at the time of the accident so that Greco would be entitled to indemnity for its purely passive negligence. Greco relies on *Lane v. Warren*, 41 Ill.App.2d 377, 190 N.E.2d 595, to support its presentation of a defense and proof in the third-party action. In that case, the court held that the "loaned servant" doctrine did not have to be alleged as an affirmative defense in order to introduce evidence that the owner of the crane was not "in charge" of the operation and that, in

fact, the crane was leased to plaintiff's employer on an hourly basis. Greco cites this case as precedent for its position that the trial court erred in refusing to permit certain evidence before the jury.

■■ In order to support its theory that the crane and operator had been leased to another contractor for the Civic Center job, Greco offered into evidence, in the principal case, invoices kept in the ordinary course of business which showed that the crane and operator had been leased to George Krug. The trial court, in refusing to admit the invoices into evidence, ruled that evidence that Greco was not in charge of the crane was irrelevant since Greco, in its answer, had admitted that it was in charge of the operation. Greco, however, had not admitted that it was in charge of the operation. It had admitted only that it owned the crane that was being used at the time of plaintiff's injury, and denied any violation of the Structural Work Act. Since there was no admission by Greco that it was in charge of the crane and its work at the time of the occurrence, the court erred in not permitting Greco to show the hiring out of its crane and operator to another contractor.

Greco next maintains that the trial court improperly refused to admit into evidence certain testimony that Spencer requested the use of Greco's crane and that Greco's operator objected to such use. Greco offered the testimony in support of its theory that control of the operation had passed to Spencer, and that Greco was not in charge of the crane at the time of the accident.

Vernon Thomas, the crane operator, and Mario Greco, his helper, attempted to testify that someone identifying himself as the pile driver foreman approached and requested the use of the crane to remove a pile of lumber for Spencer. Thomas also attempted to testify that employees of Spencer attached the crane and cable to the pile of lumber, and that he, Thomas, objected to the proposed use of the crane because it was not a safe operation. The trial court struck all the above testimony on the ground that the witnesses were unable to identify the person making the request by name, and because agency could not be established by the statement of the alleged agent.

■■ Although the mere statements of an agent made out of the presence of the principal are not admissible to establish the existence of an agency relationship (*City of Evanston v. Piotrowicz*, 20 Ill.2d 512, 170 N.E.2d 569), such statements are admissible where sufficient other facts relating to the transaction are adduced. (*Meyer v. Iowa Mutual Liability Insurance Co.*, 240 Ill.App. 431. See also *Grebe v. Vacek & Co. Inc.*, 103 Ill.App.2d 79, 243 N.E.2d 438.) In the case at bar, sufficient other facts were adduced to support the declaration of the person requesting use of the crane that he was an employee of the pile driver, Spencer. The

crane was in fact used to lift a pile of lumber belonging to Spencer from I-beams owned by Spencer so that the latter could use the I-beams in its work. Indeed, plaintiff, an employee of Spencer, testified that, under orders from his foreman, he attached the pile of lumber to the cable. Because these other facts relating to the transaction were adduced, we believe that the court erred in excluding the testimony proffered by Greco.

■■ Greco further maintains that the trial court erred in excluding certain evidence that Spencer's foreman was signalling and controlling the operation of the crane at the time of the accident. The court struck this testimony by Vernon Thomas on the ground that it was irrelevant to plaintiff's cause of action and also because the identification of the Spencer employee was not sufficient. As we have noted, the Spencer employee was sufficiently identified to permit this testimony. Moreover, although the fact that an employee of Spencer was signalling Greco's crane operator during its use would not be sufficient of itself to entitle Greco to indemnity from Spencer (*Gundich v. Emerson-Comstock Co.*, 21 Ill.2d 117, 171 N.E.2d 60), the testimony should have been before the jury in support of Greco's theory that control of the operation had transferred to Spencer.

■■ Greco's next contention on appeal is that the trial judge improperly refused to permit the impeachment of Eugene Wright based upon prior inconsistent statements. Wright, a fellow employee of plaintiff's, who had testified for plaintiff as to the injuries and also concerning pile drivers' wages, was called by Greco as a witness to the occurrence. Wright testified that he did not see his foreman at the time of the accident and that he did not see his foreman signal the crane operator. Since the evidence contradicted testimony given by Wright at a prior discovery deposition, counsel for Greco attemped to impeach him on the ground that Wright was an occurrence witness who was called in good faith and whose testimony took Greco's counsel by surprise. The trial court did not permit Greco to impeach the witness, holding that there had not been sufficient proof of hostility to justify impeachment of a party's own witness. Supreme Court Rule 238 provides as follows:

> "If the court determines that a witness is hostile or unwilling, he may be examined by the party calling him as if under cross-examination. The party calling an occurrence witness, upon the showing that he called the witness in good faith and is surprised by his testimony, may impeach the witness by proof of prior inconsistent statements." Ill. Rev. Stat. 1969, ch. 110A, par. 238.

The second portion of the above rule provides that a party calling an occurrence witness may impeach the witness by proof of prior inconsis-

tent statements upon a showing that he called the witness in good faith and is surprised by his testimony. Under that portion of the rule, there is no requirement that there be a determination of the witness's hostility, and the trial court erred in not permitting Greco to impeach the witness by proof of prior inconsistent statements.

Plaintiff and Spencer apparently concede that it was error not to allow Greco to impeach Wright, but they contend that the error was harmless. They maintain that, even if Greco had been allowed to impeach the witness, the impeachment would not constitute substantive evidence on the issue, but would merely affect Wright's credibility as a witness. (See *Walsh v. Dream Builders, Inc.,* 129 Ill.App.2d 280, 264 N.E.2d 247.) This argument, of course, would be more persuasive if there were no other evidentiary errors in the case. Moreover, the contention of plaintiff and Spencer that the error was harmless overlooks the possibility that the witness could adopt, during his testimony, his prior statement as the accurate one.

Greco's next contention on appeal is that certain statements made by plaintiff's counsel during closing argument were so improper as to have constituted prejudicial error. During his initial final argument counsel for plaintiff stated that Greco's employees, Vernon Thomas and Mario Greco, had not worked for Greco since the occurrence, that this fact gave a clue as to why they were not working for Greco, and that this sums up Greco's attitude about its own employees' conduct. When counsel for Greco objected to the remarks, the trial court, in overruling the objection, said that Greco's counsel would have an opportunity to rebut the argument and went on to observe that "they did say that they weren't working there." After Greco's counsel in his closing argument stated that such comments by plaintiff's counsel were unfair, the latter stated in rebuttal that he didn't know if the two men were fired because of the occurrence, but that he strongly suspected that was the reason.

It is improper in closing argument to make reference, over objection, to matters not in evidence. (*Mattice v. Klawans,* 312 Ill. 299, 143 N.E. 866.) An examination of the instant record reveals that Vernon Thomas testified that he last worked for Greco during the Civic Center job. His testimony did not indicate that he had been fired by Greco or that he had not worked for Greco on the Civic Center job after the occurrence in question. No other witness testified as to Thomas' employment status. As to Mario Greco, there was no testimony that he had not worked for Greco since the occurrence or that he had been fired. Consequently the remarks of plaintiff's counsel were not based upon the evidence and were improper. Moreover, the error was compounded when the trial judge, in his comments overruling Greco's objection, apparently

endorsed the accuracy of plaintiff's counsel's remarks. Again, if counsel's comments were the only trial error in the case at bar, we might have accepted the contention of plaintiff and third-party defendant that the remarks constitued harmless error. We believe, however, that Greco is entitled to present its defense and third-party complaint in an atmosphere free from prejudice, that the instant trial did not give Greco such an opportunity, and that the cause must be remanded for a new trial.

Because we are remanding the cause, we will comment briefly on other contentions made by Greco. Greco complains of certain other evidentiary rulings made by the trial court, but we find that these rulings were correctly made. Greco also contends that the giving of a certain agency instruction, I.P.I. 50.11, was error. We hold that the court correctly gave the instruction in question.

■■ We reject Greco's contention that the verdict was excessive. Plaintiff sustained severe and permanent injuries, and his medical expenses and lost wages justified such an allowance. However, we agree with Greco that it was improper to allow an estate engineer to testify as to the present worth of plaintiff's future loss of earnings based on plaintiff's total inability to work in the future. The evidence revealed that plaintiff could and did work at his trade after the occurrence. At the time of trial, plaintiff was living in Ireland and unemployed, but only because there were no jobs, not because he was physically unable to work.

For the foregoing reasons, the judgments of the circuit court are reversed and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Judgments reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.